**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| _____ )<br>MOSAID Technologies Incorporated, )<br> )<br> )<br>Plaintiff, )<br> )<br>v. )<br> )<br>Dell Inc., et al., )<br> )<br>Defendants. )<br>_____) | <br><br><br><br><br>Case No. 2:11-cv-179<br><br>JURY TRIAL REQUESTED |
| _____ )<br>Intel Corporation, )<br> )<br>Counterclaimant, )<br> )<br>v. )<br> )<br>MOSAID Technologies Incorporated, )<br> )<br>Counterclaim Defendant. )<br>_____) | |

<u>**DEFENDANT INTEL CORPORATION'S ANSWER AND COUNTERCLAIMS**</u>

Defendant Intel Corporation ("Intel" or "Defendant") responds to the allegations in the

Original Complaint for Patent Infringement ("Complaint") by MOSAID Technologies

Incorporated ("MOSAID" or "Plaintiff") as follows:

## RESPONSES TO SPECIFIC ALLEGATIONS OF THE COMPLAINT

### NATURE OF THE ACTION

1.      Intel admits that the Complaint purports to assert claims for patent infringement against Intel and other defendants based on U.S. Patent Nos. 5,131,006 ("'006 patent"); 5,151,920 ("'920 patent"); 5,422,887 ("'887 patent"); 5,706,428 ("'428 patent"); 6,563,786 ("'786 patent"); and 6,992,972 ("'972 patent") (collectively, "Patents-in-Suit").  Except as expressly admitted, Intel denies the remaining allegations set forth in paragraph 1 of the Complaint.

2.      Intel admits the allegations set forth in paragraph 2.

3.      Intel admits the allegations set forth in paragraph 3.

4.      Intel is without knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph 4 that Plaintiff is the assignee of all rights and interest in the Patents-in-Suit, and therefore denies them.  Intel denies the remaining allegations set forth in paragraph 4.

5.      Intel admits that it makes, uses, sells, offers for sale, imports, and/or exports certain products.  To the extent that paragraph 5 alleges any such product "complies with or implements the IEEE 802.11 standards," because Plaintiff fails to specify which product(s) are alleged to comply with what standard(s) and what mandatory or permissive aspect(s) of said standard(s), Intel is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 5 and therefore denies them.  Intel is without knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph 5 as they pertain to any other Defendant and therefore denies them.  Except as expressly admitted, Intel denies any remaining allegations set forth in paragraph 5 of the Complaint.

6.      Intel admits that the Complaint purports to be an action for patent infringement, but denies that Intel has infringed any claim of the Patents-in-Suit and denies that Plaintiff is entitled to any relief from Intel.  Except as expressly admitted, Intel denies any remaining allegations set forth in paragraph 6 of the Complaint.

## PARTIES

7.      Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 and therefore denies them.  With respect to the allegation that "Plaintiff MOSAID's United States principal place of business is located at 101 E. Park Blvd., Suite 600, Plano, Texas," Intel states on information and belief that the entity doing business at that address is not the Plaintiff in this case.

8.      Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 and therefore denies them.

9.      Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 and therefore denies them.

10.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 and therefore denies them.

11.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 and therefore denies them.

12.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 and therefore denies them.

13.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 and therefore denies them.

14.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 and therefore denies them.

15.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 and therefore denies them.

16.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 and therefore denies them.

17.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 and therefore denies them.

18.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 and therefore denies them.

19.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 and therefore denies them.

20.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 and therefore denies them.

21.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 and therefore denies them.

22.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 and therefore denies them.

23.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 and therefore denies them.

24.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 and therefore denies them.

25.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 and therefore denies them.

26.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 and therefore denies them.

27.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 and therefore denies them.

28.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 and therefore denies them.

29.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 and therefore denies them.

30.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 and therefore denies them.

31.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 and therefore denies them.

32.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 and therefore denies them.

33.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 and therefore denies them.

34.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 and therefore denies them.

35.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35 and therefore denies them.

36.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36 and therefore denies them.

37.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37 and therefore denies them.

38.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38 and therefore denies them.

39.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39 and therefore denies them.

40.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 40 and therefore denies them.

41.     Admitted.

42.     Intel admits that it designs, markets, uses manufactures, imports, sells, and/or offers for sale some products used and/or designed for use in personal computers and/or other products with wireless capability, but denies that such products are used or designed for use in routers or game consoles and on information and belief, denies that such products are used or designed for use in smart phones.  Intel further denies that it presently designs, markets, uses, manufactures, imports, sells, and/or offers for sale the Intel® PRO/Wireless 2011 LAN Access Point, Intel® PRO/Wireless 2011 LAN PC Card, Intel® PRO/Wireless 2200BG Network Connection, the Intel PRO/Wireless 2915ABG Network Connection, the Intel® PRO/Wireless 2011B LAN Access Point, or the Intel WiMax/WiFi Link 5350.  Intel admits that it designs, markets, uses, manufactures, imports, sells, and/or offers for sale the other products listed in paragraph 42 and that these listed products are used and/or designed for use in personal computers and/or other products, but denies that they are used and designed for use in routers,

smart phones, or game consoles.  To the extent that paragraph 42 alleges any of the accused products is "compliant with the IEEE 802.11 standards," because Plaintiff fails to specify which product(s) are alleged to comply with what standard(s) and what mandatory or permissive aspect(s) of said standard(s), Intel is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 42 and therefore denies them.

43.     Intel admits that it is doing business in the United States, including the Eastern District of Texas, and that it may be served with process by serving its registered agent in Dallas, Texas.  Intel denies that any Intel product infringes any claim of Patents-in-Suit.  Except as expressly admitted, Intel denies any remaining allegations set forth in paragraph 43.

44.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 44 and therefore denies them.

45.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 45 and therefore denies them.

46.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 46 and therefore denies them.

47.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 47 and therefore denies them.

48.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 48 and therefore denies them.

49.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 49 and therefore denies them.

50.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 50 and therefore denies them.

51.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 51 and therefore denies them.

52.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 52 and therefore denies them.

53.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 53 and therefore denies them.

54.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 54 and therefore denies them.

55.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 55 and therefore denies them.

56.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 56 and therefore denies them.

57.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 57 and therefore denies them.

58.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 58 and therefore denies them.

**JURISDICTION AND VENUE**

59.     Intel admits that the Complaint purports to be an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, but denies that Plaintiff is entitled to any relief.  No answer is required to the remaining allegations set forth in paragraph 59, which are merely conclusions of law.

60.     No answer is required to the allegations set forth in paragraph 60, which merely assert conclusions of law.

61.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 61 and therefore denies them.

62.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 62 and therefore denies them.

63.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 63 and therefore denies them.

64.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 64 and therefore denies them.

65.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 65 and therefore denies them.

66.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 66 and therefore denies them.

67.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 67 and therefore denies them.

68.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 68 and therefore denies them.

69.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 69 and therefore denies them.

70.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 70 and therefore denies them.

71.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 71 and therefore denies them.

72.     Intel admits that this Court may exercise personal jurisdiction over it but denies that Intel has committed any acts of infringement in this judicial district, the State of Texas, or any judicial district or state.  Intel admits that it manufactures or assembles, directly and/or through third-party manufacturers, some of the devices listed in paragraph 42 and identified by Plaintiff as "the Intel IEEE 802.11 devices," but on information and belief, denies that it has offered for sale, sold, purchased, and used within the Eastern District of Texas and denies that any such product infringes any claim of the Patents-in-Suit.  On information and belief, Intel further denies that it ships, distributes, offers for sale, sells, or advertises, either directly or through intermediaries (including distributors, retailers, or others), products and services in the Eastern District of Texas.  Intel denies that any Intel product or service falls within any claim of the Patents-in-Suit.  No answer is required to the allegations set forth in paragraph 72 that "Intel has established minimum contacts with the State of Texas," that "Intel has purposefully availed itself of the benefits of the State of Texas," and that "the exercise of jurisdiction over Intel would not offend traditional notions of fair play and substantial justice," which are merely conclusions of law.  Except as expressly admitted, Intel denies any remaining allegations set forth in paragraph 72.

73.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 73 and therefore denies them.

74.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 74 and therefore denies them.

75.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 75 and therefore denies them.

76.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 76 and therefore denies them.

77.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 77 and therefore denies them.

78.     Intel incorporates by reference its answers to the allegations of paragraphs 1 through 77 as if fully set forth herein.

79.     Intel admits that on July 14, 1992, the United States Patent and Trademark Office ("USPTO") issued the '006 patent entitled "Carrier Detection For A Wireless Local Area Network" and that Adriaan Kamerman and Hans van Diest are named as inventors of the '006 patent.  Intel is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 79 and therefore denies them.

80.     Intel admits that on September 29, 1992, the USPTO issued the '920 patent entitled "Radio LAN Station With Improved Frame Delimiter Detection In A Spread Spectrum Environment" and that Johannes P. N. Haagh, Hans van Diest, and Gerrit Smit are named as inventors of the '920 patent.  Intel is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 80 and therefore denies them.

81.     Intel admits that on June 6, 1995, the USPTO issued the '887 patent entitled "Medium Access Protocol For Wireless Local Area Network" and that Wilhelmus J. M. Diepstraten and Hendrik van Bokhorst are named as inventors of the '887 patent.  Intel is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 81 and therefore denies them.

82.     Intel admits that on January 6, 1998, the USPTO issued the '428 patent entitled "Multirate Wireless Data Communication System" and that Jan Boer, Wilhelmus Josephus Diepstraten, Adriaan Kamerman, Hendrik van Bokhorst, and Hans van Diest are named as inventors of the '428 patent.  Intel is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 82 and therefore denies them.

83.     Intel admits that on May 13, 2003, the USPTO issued the '786 patent entitled "Orthogonal Frequency Division Multiplexing System With Selectable Rate" and that Richard Van Nee is named as the inventor of the '786 patent.  Intel is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 83 and therefore denies them.

84.     Intel admits that on January 31, 2006, the USPTO issued the '972 patent entitled "Frequency Division Multiplexing System With Selectable Rate" and that Richard Van Nee is named as the inventor of the '972 patent.  Intel is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 84 and therefore denies them.

85.     Paragraph 85 does not require a response.

86.     Intel denies the allegations set forth in paragraph 86.

87.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 87 and therefore denies them.

88.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 88 and therefore denies them.

89.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 89 and therefore denies them.

90.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 90 and therefore denies them.

91.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 91 and therefore denies them.

92.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 92 and therefore denies them.

93.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 93 and therefore denies them.

94.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 94 and therefore denies them.

95.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 95 and therefore denies them.

96.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 96 and therefore denies them.

97.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 97 and therefore denies them.

98.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 98 and therefore denies them.

99.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 99 and therefore denies them.

100.    Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 100 and therefore denies them.

101.    Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 101 and therefore denies them.

102.    Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 102 and therefore denies them.

103.    Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 103 and therefore denies them.

104.    Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 104 and therefore denies them.

105.    Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 105 and therefore denies them.

106.    Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 106 and therefore denies them.

107.    Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 107 and therefore denies them.

108.    Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 108 and therefore denies them.

109.    Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 109 and therefore denies them.

110.    Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 110 and therefore denies them.

111.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 111 and therefore denies them.

112.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 112 and therefore denies them.

113.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 113 and therefore denies them.

114.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 114 and therefore denies them.

115.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 115 and therefore denies them.

116.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 116 and therefore denies them.

117.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 117 and therefore denies them.

118.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 118 and therefore denies them.

119.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 119 and therefore denies them.

120.     Intel admits that it makes, uses, sells, offers for sale, imports, and/or exports some of the devices identified by Plaintiff as "the Intel IEEE 802.11 devices," but denies that any of these devices infringe any valid and enforceable claim of the Patents-in-Suit under any theory of infringement.  Except as expressly admitted, Intel denies any remaining allegations set forth in paragraph 120.

121.    Because the term "provides" is vague and ambiguous, Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 121 and therefore denies them.  To the extent that the term "provides" includes "sells," Intel admits that it sells devices identified by Plaintiff as "the Intel IEEE 802.11 devices" to companies, but denies that it sells any such products to consultants or end-user customers and denies that any such product infringes any claim of the Patents-in-Suit.  Intel denies any remaining allegations set forth in paragraph 121.

122.    Intel denies the allegations set forth in paragraph 122.

123.    Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 123 and therefore denies them.

124.    Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 124 and therefore denies them.

125.    Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 125 and therefore denies them.

126.    Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 126 and therefore denies them.

127.    Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 127 and therefore denies them.

128.    Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 128 and therefore denies them.

129.    Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 129 and therefore denies them.

130.    Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 130 and therefore denies them.

131.    Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 131 and therefore denies them.

132.    Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 132 and therefore denies them.

133.    Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 133 and therefore denies them.

134.    Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 134 and therefore denies them.

135.    Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 135 and therefore denies them.

136.    Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 136 and therefore denies them.

137.    Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 137 and therefore denies them.

138.    To the extent the allegations of paragraph 138 refer to Intel, Intel denies them. Intel further denies that it sells or offers to sell any accused products to consultants or end-user customers.  Intel is without knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph 138 to the extent they pertain to any other Defendant and therefore denies them.

139.     To the extent the allegations of paragraph 139 refer to Intel, Intel denies them. Intel is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 139 and therefore denies them.

140.     No answer is required to the allegations set forth in paragraph 140, which merely assert conclusions of law.  To the extent any answer is required and the allegations refer to Intel, Intel denies them.  Intel is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 140 and therefore denies them.

141.     To the allegations refer to Intel, Intel denies them.  Intel is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 141 and therefore denies them.

## DEMAND FOR A JURY TRIAL

142.     Intel joins Plaintiff's request for a trial by jury on all issues so triable.

## PRAYER

143.     Intel denies that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), Intel, without waiver, limitation, or prejudice, hereby asserts the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

144.     Intel has not infringed and does not infringe any valid and enforceable claim of the Patents-in-Suit directly, either literally or under the doctrine of equivalents, or indirectly, either by inducement or contribution.

## SECOND AFFIRMATIVE DEFENSE

145.     One or more of the claims of each of the Patents-in-Suit are invalid for failure to comply with one or more of the requisite statutory and decisional requirements and/or conditions for patentability under Title 35 of the United States Code, including *inter alia* 35 U.S.C. §§ 101, 102, 103, and/or 112.

## THIRD AFFIRMATIVE DEFENSE

146.     Upon information and belief, Plaintiff is estopped from asserting that Intel infringes at least some of the claims of the Patents-in-Suit, including without limitation, under the doctrine of prosecution history estoppel.

## FOURTH AFFIRMATIVE DEFENSE

147.     Plaintiff is not entitled to relief against Intel because Intel has a license to the Patents-in-Suit.

## FIFTH AFFIRMATIVE DEFENSE

148.     The infringement allegations in the Complaint concerning the Patents-in-Suit are barred in whole or in part under principles of equity, including laches, waiver, and/or estoppel.

## SIXTH AFFIRMATIVE DEFENSE

149.     Upon information and belief, Plaintiffs' claims for relief and prayer for damages are limited by 35 U.S.C. §§ 286 and/or 287, and Plaintiffs are barred by 35 U.S.C. § 288 from recovering costs associated with their action.

## COUNTERCLAIMS

Pursuant to Federal Rule of Civil Procedure 13, Intel Corporation ("Intel" or "Counterclaimant") hereby asserts the following counterclaims against MOSAID Technologies Incorporated ("MOSAID" or "Counterclaim Defendant"):

## PARTIES

1.      Counterclaimant Intel is a Delaware corporation located at 2200 Mission College Boulevard, Santa Clara, California 95054.

2.      According to the allegations in the Complaint, Counterclaim Defendant MOSAID is a Canadian corporation with its principal place of business at 11 Hines Road, Suite 203, Ottawa, Ontario K2K 2X1.

## JURISDICTION AND VENUE

3.      The Court has jurisdiction over this counterclaim pursuant to the Federal Patent Act, 28 U.S.C. §§ 1338(a), 2201, 2202, and 28 U.S.C. §§ 1331, 1337.

4.      MOSAID is subject to personal jurisdiction in this judicial district due to its filing of the Complaint.

5.      To the extent the Court finds venue to be proper in this judicial district for the resolution of MOSAID's claims, venue would be proper pursuant to 28 U.S.C. §§ 1391 and 1400(b) to resolve Intel's counterclaims.

## FACTUAL ALLEGATIONS

6.      MOSAID has sued Intel in the present litigation, alleging infringement by Intel of the Patents-in-Suit.

7.      MOSAID, in the Complaint, purports to be the owner of all rights, title, and interest in each of the Patents-in-Suit.

8.      An actual and justiciable controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 exists between MOSAID and Intel with respect to the infringement, validity, enforceability, and licensing of the Patents-in-Suit.

## FIRST COUNTERCLAIM

### Declaratory Judgment of Non-Infringement of the '006 Patent

9.      Intel incorporates the allegations contained in paragraphs 1-8 of its

Counterclaims as if fully set forth herein.

10.      Intel is not infringing and has not infringed, directly or indirectly, any claim of the

'006 patent under any theory of infringement.

11.      To resolve the legal and factual questions raised by MOSAID and to afford relief

from the uncertainty and controversy which MOSAID's accusations have precipitated, Intel is

entitled to a judicial declaration pursuant to 28 U.S.C. § 2201 that it has not infringed and does

not infringe, directly or indirectly, any valid, enforceable claim of the '006 patent either literally

or under the doctrine of equivalents.

## SECOND COUNTERCLAIM

### Declaratory Judgment of Invalidity of the '006 Patent

12.      Intel incorporates the allegations contained in paragraphs 1-8 of its

Counterclaims as if fully set forth herein.

13.      The claims of the '006 patent are invalid for failing to meet one or more of the

requisite statutory and decisional requirements and/or conditions for patentability under Title 35

of the United States Code, including *inter alia* 35 U.S.C. §§ 101, 102, 103, and/or 112.

14.      To resolve the legal and factual questions raised by MOSAID and to afford relief

from the uncertainty and controversy which MOSAID's accusations have precipitated, Intel is

entitled to a judicial declaration pursuant to 28 U.S.C. § 2201 that the claims of the '006 patent

are invalid.

## THIRD COUNTERCLAIM

### Declaratory Judgment of Non-Infringement of the '920 Patent

15.      Intel incorporates the allegations contained in paragraphs 1-8 of its

Counterclaims as if fully set forth herein.

16.      Intel is not infringing and has not infringed, directly or indirectly, any claim of the

'920 patent under any theory of infringement.

17.      To resolve the legal and factual questions raised by MOSAID and to afford relief

from the uncertainty and controversy which MOSAID's accusations have precipitated, Intel is

entitled to a judicial declaration pursuant to 28 U.S.C. § 2201 that it has not infringed and does

not infringe, directly or indirectly, any valid, enforceable claim of the '920 patent either literally

or under the doctrine of equivalents.

## FOURTH COUNTERCLAIM

### Declaratory Judgment of Invalidity of the '920 Patent

18.      Intel incorporates the allegations contained in paragraphs 1-8 of its

Counterclaims as if fully set forth herein.

19.      The claims of the '920 patent are invalid for failing to meet one or more of the

requisite statutory and decisional requirements and/or conditions for patentability under Title 35

of the United States Code, including *inter alia* 35 U.S.C. §§ 101, 102, 103, and/or 112.

20.      To resolve the legal and factual questions raised by MOSAID and to afford relief

from the uncertainty and controversy which MOSAID's accusations have precipitated, Intel is

entitled to a judicial declaration pursuant to 28 U.S.C. § 2201 that the claims of the '920 patent

are invalid.

**FIFTH COUNTERCLAIM**

**Declaratory Judgment of Non-Infringement of the '887 Patent**

21.     Intel incorporates the allegations contained in paragraphs 1-8 of its

Counterclaims as if fully set forth herein.

22.     Intel is not infringing and has not infringed, directly or indirectly, any claim of the

'887 patent under any theory of infringement.

23.     To resolve the legal and factual questions raised by MOSAID and to afford relief

from the uncertainty and controversy which MOSAID's accusations have precipitated, Intel is

entitled to a judicial declaration pursuant to 28 U.S.C. § 2201 that it has not infringed and does

not infringe, directly or indirectly, any valid, enforceable claim of the '887 patent either literally

or under the doctrine of equivalents.

**SIXTH COUNTERCLAIM**

**Declaratory Judgment of Invalidity of the '887 Patent**

24.     Intel incorporates the allegations contained in paragraphs 1-8 of its

Counterclaims as if fully set forth herein.

25.     The claims of the '887 patent are invalid for failing to meet one or more of the

requisite statutory and decisional requirements and/or conditions for patentability under Title 35

of the United States Code, including *inter alia* 35 U.S.C. §§ 101, 102, 103, and/or 112.

26.     To resolve the legal and factual questions raised by MOSAID and to afford relief

from the uncertainty and controversy which MOSAID's accusations have precipitated, Intel is

entitled to a judicial declaration pursuant to 28 U.S.C. § 2201 that the claims of the '887 patent

are invalid.

## SEVENTH COUNTERCLAIM

### Declaratory Judgment of Non-Infringement of the '428 Patent

27.      Intel incorporates the allegations contained in paragraphs 1-8 of its Counterclaims as if fully set forth herein.

28.      Intel is not infringing and has not infringed, directly or indirectly, any claim of the '428 patent under any theory of infringement.

29.      To resolve the legal and factual questions raised by MOSAID and to afford relief from the uncertainty and controversy which MOSAID's accusations have precipitated, Intel is entitled to a judicial declaration pursuant to 28 U.S.C. § 2201 that it has not infringed and does not infringe, directly or indirectly, any valid, enforceable claim of the '428 patent either literally or under the doctrine of equivalents.

## EIGHTH COUNTERCLAIM

### Declaratory Judgment of Invalidity of the '428 Patent

30.      Intel incorporates the allegations contained in paragraphs 1-8 of its Counterclaims as if fully set forth herein.

31.      The claims of the '428 patent are invalid for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability under Title 35 of the United States Code, including *inter alia* 35 U.S.C. §§ 101, 102, 103, and/or 112.

32.      To resolve the legal and factual questions raised by MOSAID and to afford relief from the uncertainty and controversy which MOSAID's accusations have precipitated, Intel is entitled to a judicial declaration pursuant to 28 U.S.C. § 2201 that the claims of the '428 patent are invalid.

## NINTH COUNTERCLAIM

### Declaratory Judgment of Non-Infringement of the '786 Patent

33.     Intel incorporates the allegations contained in paragraphs 1-8 of its

Counterclaims as if fully set forth herein.

34.     Intel is not infringing and has not infringed, directly or indirectly, any claim of the

'786 patent under any theory of infringement.

35.     To resolve the legal and factual questions raised by MOSAID and to afford relief

from the uncertainty and controversy which MOSAID's accusations have precipitated, Intel is

entitled to a judicial declaration pursuant to 28 U.S.C. § 2201 that it has not infringed and does

not infringe, directly or indirectly, any valid, enforceable claim of the '786 patent either literally

or under the doctrine of equivalents.

## TENTH COUNTERCLAIM

### Declaratory Judgment of Invalidity of the '786 Patent

36.     Intel incorporates the allegations contained in paragraphs 1-8 of its

Counterclaims as if fully set forth herein.

37.     The claims of the '786 patent are invalid for failing to meet one or more of the

requisite statutory and decisional requirements and/or conditions for patentability under Title 35

of the United States Code, including *inter alia* 35 U.S.C. §§ 101, 102, 103, and/or 112.

38.     To resolve the legal and factual questions raised by MOSAID and to afford relief

from the uncertainty and controversy which MOSAID's accusations have precipitated, Intel is

entitled to a judicial declaration pursuant to 28 U.S.C. § 2201 that the claims of the '786 patent

are invalid.

## ELEVENTH COUNTERCLAIM

### Declaratory Judgment of Non-Infringement of the '972 Patent

39.     Intel incorporates the allegations contained in paragraphs 1-8 of its Counterclaims as if fully set forth herein.

40.     Intel is not infringing and has not infringed, directly or indirectly, any claim of the '972 patent under any theory of infringement.

41.     To resolve the legal and factual questions raised by MOSAID and to afford relief from the uncertainty and controversy which MOSAID's accusations have precipitated, Intel is entitled to a judicial declaration pursuant to 28 U.S.C. § 2201 that it has not infringed and does not infringe, directly or indirectly, any valid, enforceable claim of the '972 patent either literally or under the doctrine of equivalents.

## TWELFTH COUNTERCLAIM

### Declaratory Judgment of Invalidity of the '972 Patent

42.     Intel incorporates the allegations contained in paragraphs 1-8 of its Counterclaims as if fully set forth herein.

43.     The claims of the '972 patent are invalid for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability under Title 35 of the United States Code, including *inter alia* 35 U.S.C. §§ 101, 102, 103, and/or 112.

44.     To resolve the legal and factual questions raised by MOSAID and to afford relief from the uncertainty and controversy which MOSAID's accusations have precipitated, Intel is entitled to a judicial declaration pursuant to 28 U.S.C. § 2201 that the claims of the '972 patent are invalid.

## THIRTEENTH COUNTERCLAIM

### Declaratory Judgment That the Lucent-Intel License Bars This Action

45.     Intel incorporates the allegations contained in paragraphs 1-8 of its

Counterclaims as if fully set forth herein.

46.     Intel has a license to practice the Patents-in-Suit pursuant to a patent license

agreement between Intel and Lucent Technologies GRL Corporation ("Lucent").

47.     To resolve the legal and factual questions raised by MOSAID and to afford relief

from the uncertainty and controversy which MOSAID's accusations have precipitated, Intel is

entitled to a judicial declaration pursuant to 28 U.S.C. § 2201 that Intel holds a valid and

enforceable license to the Patents-in-Suit from Lucent and that this action is therefore barred.

## FOURTEENTH COUNTERCLAIM

### Declaratory Judgment That the LSI-Intel License Bars This Action

48.     Intel incorporates the allegations contained in paragraphs 1-8 of its

Counterclaims as if fully set forth herein.

49.     Intel has a license to practice the Patents-in-Suit pursuant to a patent license

agreement between LSI Logic Corporation ("LSI") and Intel.

50.     To resolve the legal and factual questions raised by MOSAID and to afford relief

from the uncertainty and controversy which MOSAID's accusations have precipitated, Intel is

entitled to a judicial declaration pursuant to 28 U.S.C. § 2201 that Intel holds a valid and

enforceable license to the Patents-in-Suit from LSI and that this action is therefore barred.

## PRAYER FOR RELIEF

WHEREFORE, Intel requests that the Court enter judgment in its favor and grant relief

as follows:

(a)     That MOSAID recover nothing and that its Complaint be dismissed with prejudice;

(b)     That the Court enter judgment against MOSAID and in favor of Intel;

(c)     That the Court declare that Intel has not infringed and does not infringe, directly or indirectly, any claim of the Patents-in-Suit;

(d)     That the Court declare that the claims of the Patents-in-Suit are invalid;

(e)     That the Court declare that the Patents-in-Suit are unenforceable;

(f)     That the Court declare that Intel holds a valid and enforceable license to the Patents-in-Suit and that this action is therefore barred;

(g)     That the Court declare that Patents-in-Suit are unenforceable due to waiver and/or estoppel;

(h)     That the Court find this case to be exceptional pursuant to 35 U.S.C. § 285, among other statutes, and award Intel its costs, expenses and reasonable attorney's fees in this action; and

(i)     That the Court grant such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Intel requests a jury trial of any issues that may be tried to a jury.


Dated:  May 25, 2011                              Respectfully submitted,


                                                  */s/ Harry L. Gillam, Jr.*
                                                  Harry L. Gillam, Jr.


28

State Bar No. 07921800
GILLAM & SMITH, L.L.P.
303 South Washington Avenue
Marshall, Texas 75670
Telephone:  (903) 934-8450
Facsimile:  (903) 934-9257
gil@gillamsmithlaw.com

*ATTORNEY FOR DEFENDANT INTEL
CORPORATION*

*Of Counsel:*

William F. Lee
Michael J. Summersgill
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA  02109
Tel:  (617) 526-6000

James L. Quarles III
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue, NW
Washington, D.C. 20006
Tel:  (202) 663-6000

Mark D. Flanagan
Wilmer Cutler Pickering Hale and Dorr LLP
950 Page Mill Road
Palo Alto, CA  94304
Tel:  (650) 858-6000

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was filed electronically on May 25, 2011, in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by facsimile on this same date.

*/s/ Harry L. Gillam, Jr.*