**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| MOSAID Technologies Incorporated, | |
| Plaintiff, | **Case No. 2:11-cv-179** |
| v. | |
| Dell, Inc., *et al.*, | **JURY TRIAL DEMANDED** |
| Defendants. | |

**DEFENDANT DIGI INTERNATIONAL, INC'S
ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT,
AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

Defendant Digi International, Inc. ("Digi"), by way of Answer to Plaintiff MOSAID

Technologies Incorporated's ("MOSAID") Original Complaint, says:

**NATURE OF THE ACTION[1]**

1.      Paragraph 1 contains statements not directed at Digi and conclusions of law to

which an answer by Digi is not required.  To the extent a response is required, Digi denies that it

has committed patent infringement.

2.      Admitted.

3.      Digi lacks information sufficient to form a belief as to the truth of the allegations

contained in paragraph 3, and therefore denies those allegations.

4.      Digi lacks information sufficient to form a belief as to the truth of the allegations

contained in paragraph 4, and therefore denies those allegations.

---

[1] Digi reproduces Plaintiff's headings for the parties' convenience.  To the extent Plaintiff's
headings are allegations, Digi denies them.

5.     Paragraph 5 contains statements not directed at Digi, as well as conclusions of law, to which no response is required.  To the extent a response is required, Digi states that it does not dispute that it has offered for sale and sold products that comply with IEEE 802.11 standards in the State of Texas.  Digi denies the remaining allegations and characterizations of Paragraph 5.

6.     Paragraph 6 contains statements not directed at Digi, as well as conclusions of law, to which no response is required.  To the extent a response is required, Digi denies the remaining allegations and characterizations of paragraph 6, and specifically denies that it has committed patent infringement.

## THE PARTIES

7.     Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 7.

8.     Paragraph 8 contains statements not directed at Digi and to which no response by Digi is required.  To the extent a response is required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 8, and therefore denies those allegations.

9.     Paragraph 9 contains statements not directed at Digi and to which no response by Digi is required.  To the extent a response is required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 9, and therefore denies those allegations.

10.     Paragraph 10 contains statements not directed at Digi and to which no response by Digi is required.  To the extent a response is required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 10, and therefore denies those allegations.

11.     Paragraph 11 contains statements not directed at Digi and to which no response by Digi is required.  To the extent a response is required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 11, and therefore denies those allegations.

12.     Paragraph 12 contains statements not directed at Digi and to which no response by Digi is required.  To the extent a response is required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 12, and therefore denies those allegations.

13.     Paragraph 13 contains statements not directed at Digi and to which no response by Digi is required.  To the extent a response is required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 13, and therefore denies those allegations.

14.     Paragraph 14 contains statements not directed at Digi and to which no response by Digi is required.  To the extent a response is required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 14, and therefore denies those allegations.

15.     Paragraph 15 contains statements not directed at Digi and to which no response by Digi is required.  To the extent a response is required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 15, and therefore denies those allegations.

16.     Paragraph 16 contains statements not directed at Digi and to which no response by Digi is required.  To the extent a response is required, Digi lacks information sufficient to

form a belief as to the truth of the allegations contained in paragraph 16, and therefore denies those allegations.

17.     Paragraph 17 contains statements not directed at Digi and to which no response by Digi is required.  To the extent a response is required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 17, and therefore denies those allegations.

18.     Paragraph 18 contains statements not directed at Digi and to which no response by Digi is required.  To the extent a response is required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 18, and therefore denies those allegations.

19.     Paragraph 19 contains statements not directed at Digi and to which no response by Digi is required.  To the extent a response is required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 19, and therefore denies those allegations.

20.     Paragraph 20 contains statements not directed at Digi and to which no response by Digi is required.  To the extent a response is required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 20, and therefore denies those allegations.

21.     Paragraph 21 contains statements not directed at Digi and to which no response by Digi is required.  To the extent a response is required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 21, and therefore denies those allegations.

22.     Paragraph 22 contains statements not directed at Digi and to which no response by Digi is required.  To the extent a response is required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 22, and therefore denies those allegations.

23.     Paragraph 23 contains statements not directed at Digi and to which no response by Digi is required.  To the extent a response is required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 23, and therefore denies those allegations.

24.     Paragraph 24 contains statements not directed at Digi and to which no response by Digi is required.  To the extent a response is required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 24, and therefore denies those allegations.

25.     Paragraph 25 contains statements not directed at Digi and to which no response by Digi is required.  To the extent a response is required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 25, and therefore denies those allegations.

26.     Paragraph 26 contains statements not directed at Digi and to which no response by Digi is required.  To the extent a response is required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 26, and therefore denies those allegations.

27.     Paragraph 27 contains statements not directed at Digi and to which no response by Digi is required.  To the extent a response is required, Digi lacks information sufficient to

form a belief as to the truth of the allegations contained in paragraph 27, and therefore denies those allegations.

28.     Paragraph 28 contains statements not directed at Digi and to which no response by Digi is required.  To the extent a response is required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 28, and therefore denies those allegations.

29.     Paragraph 29 contains statements not directed at Digi and to which no response by Digi is required.  To the extent a response is required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 29, and therefore denies those allegations.

30.     Paragraph 30 contains statements not directed at Digi and to which no response by Digi is required.  To the extent a response is required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 30, and therefore denies those allegations.

31.     Paragraph 31 contains statements not directed at Digi and to which no response by Digi is required.  To the extent a response is required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 31, and therefore denies those allegations.

32.     Paragraph 32 contains statements not directed at Digi and to which no response by Digi is required.  To the extent a response is required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 32, and therefore denies those allegations.

33.     Paragraph 33 contains statements not directed at Digi and to which no response by Digi is required.  To the extent a response is required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 33, and therefore denies those allegations.

34.     Paragraph 34 contains statements not directed at Digi and to which no response by Digi is required.  To the extent a response is required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 34, and therefore denies those allegations.

35.     Paragraph 35 contains statements not directed at Digi and to which no response by Digi is required.  To the extent a response is required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 35, and therefore denies those allegations.

36.     Paragraph 36 contains statements not directed at Digi and to which no response by Digi is required.  To the extent a response is required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 36, and therefore denies those allegations.

37.     Paragraph 37 contains statements not directed at Digi and to which no response by Digi is required.  To the extent a response is required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 37, and therefore denies those allegations.

38.     Admitted.

39.     Digi does not dispute that it sells or has sold the following products and that these products have wireless capability: Digi Connect ME®, ConnectCore i.MX51/ Wi-i.MX51,

ConnectCore i.MX53/ Wi-i.MX53, ConnectCore Wi-9C, ConnectCore Wi-9M 2443,

ConnectCore Wi-9P 9215, Connect Wi-Wave, Connect Wi-EM, Digi Connect® Wi-ME,

RabbitCore® RCM5400W Series, MiniCore® RCM6700 Series, MiniCore® RCM5600W

Series), Digi TransPort® DR with a WiFi option, Digi TransPort® WR Family, ConnectPort®

WAN Family, ConnectPort® X5, ConnectPort X2, X4, X8), ConnectPort® TS W, PortServer

TS W MEI, Digi Connect® Wi-SP, and SBC BL4S200 Series (collectively, the "Digi devices").

Digi denies the remaining allegations and characterizations of paragraph 39.

  40. Paragraph 40 contains conclusions of law, to which no response is required.  To

the extent a response is required, Digi admits that its registered agent in the State of Texas is CT

Corporation System, located at 350 N. St. Paul St., Suite 2900, Dallas, Texas 75201.  Digi does

not dispute that it has conducted and intends to continue to conduct business in the State of

Texas.  Digi denies the remaining allegations and characterizations of Paragraph 40, and

specifically denies that it has committed patent infringement.

  41. Paragraph 41 contains statements not directed at Digi and to which no response

by Digi is required.  To the extent a response is required, Digi lacks information sufficient to

form a belief as to the truth of the allegations contained in paragraph 41, and therefore denies

those allegations.

  42. Paragraph 42 contains statements not directed at Digi and to which no response

by Digi is required.  To the extent a response is required, Digi lacks information sufficient to

form a belief as to the truth of the allegations contained in paragraph 42, and therefore denies

those allegations.

  43. Paragraph 43 contains statements not directed at Digi and to which no response

by Digi is required.  To the extent a response is required, Digi lacks information sufficient to

form a belief as to the truth of the allegations contained in paragraph 43, and therefore denies those allegations.

44.     Paragraph 44 contains statements not directed at Digi and to which no response by Digi is required.  To the extent a response is required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 44, and therefore denies those allegations.

45.     Paragraph 45 contains statements not directed at Digi and to which no response by Digi is required.  To the extent a response is required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 45, and therefore denies those allegations.

46.     Paragraph 46 contains statements not directed at Digi and to which no response by Digi is required.  To the extent a response is required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 46, and therefore denies those allegations.

47.     Paragraph 47 contains statements not directed at Digi and to which no response by Digi is required.  To the extent a response is required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 47, and therefore denies those allegations.

48.     Paragraph 48 contains statements not directed at Digi and to which no response by Digi is required.  To the extent a response is required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 48, and therefore denies those allegations.

49.     Paragraph 49 contains statements not directed at Digi and to which no response by Digi is required.  To the extent a response is required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 49, and therefore denies those allegations.

50.     Paragraph 50 contains statements not directed at Digi and to which no response by Digi is required.  To the extent a response is required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 50, and therefore denies those allegations.

51.     Paragraph 51 contains statements not directed at Digi and to which no response by Digi is required.  To the extent a response is required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 51, and therefore denies those allegations.

52.     Paragraph 52 contains statements not directed at Digi and to which no response by Digi is required.  To the extent a response is required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 52, and therefore denies those allegations.

53.     Paragraph 53 contains statements not directed at Digi and to which no response by Digi is required.  To the extent a response is required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 53, and therefore denies those allegations.

54.     Paragraph 54 contains statements not directed at Digi and to which no response by Digi is required.  To the extent a response is required, Digi lacks information sufficient to

form a belief as to the truth of the allegations contained in paragraph 54, and therefore denies those allegations.

55.     Paragraph 55 contains statements not directed at Digi and to which no response by Digi is required.  To the extent a response is required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 55, and therefore denies those allegations.

56.     Paragraph 56 contains statements not directed at Digi and to which no response by Digi is required.  To the extent a response is required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 56, and therefore denies those allegations.

57.     Paragraph 57 contains statements not directed at Digi and to which no response by Digi is required.  To the extent a response is required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 57, and therefore denies those allegations.

58.     Paragraph 58 contains statements not directed at Digi and to which no response by Digi is required.  To the extent a response is required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 58, and therefore denies those allegations.

## JURISDICTION AND VENUE

59.     Paragraph 59 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Digi admits that this action purports to arise under the patent laws of the United States, Title 35, United States Code,

including 35 U.S.C. §§ 271 and 281-285, and that this Court has jurisdiction over the subject matter under 28 U.S.C. §§ 1331 and 1338(a).

60.     Paragraph 60 contains conclusions of law and not averments of fact to which an answer is required.  Insofar as an answer may be deemed required, Digi admits that venue is proper, although not the most proper, in the Marshall Division of the Eastern District of Texas under 28 U.S.C. §§ 1391(b)-(d) and 1400(b).

61.     Paragraph 61 contains statements not directed at Digi and to which no response by Digi is required.  To the extent a response is required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 61, and therefore denies those allegations.

62.     Paragraph 62 contains statements not directed at Digi and to which no response by Digi is required.  To the extent a response is required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 62, and therefore denies those allegations.

63.     Paragraph 63 contains statements not directed at Digi and to which no response by Digi is required.  To the extent a response is required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 63, and therefore denies those allegations.

64.     Paragraph 64 contains statements not directed at Digi and to which no response by Digi is required.  To the extent a response is required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 64, and therefore denies those allegations.

65.     Paragraph 65 contains statements not directed at Digi and to which no response by Digi is required.  To the extent a response is required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 65, and therefore denies those allegations.

66.     Paragraph 66 contains statements not directed at Digi and to which no response by Digi is required.  To the extent a response is required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 66, and therefore denies those allegations.

67.     Paragraph 67 contains statements not directed at Digi and to which no response by Digi is required.  To the extent a response is required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 67, and therefore denies those allegations.

68.     Paragraph 68 contains statements not directed at Digi and to which no response by Digi is required.  To the extent a response is required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 68, and therefore denies those allegations.

69.     Paragraph 69 contains statements not directed at Digi and to which no response by Digi is required.  To the extent a response is required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 69, and therefore denies those allegations.

70.     Paragraph 70 contains statements not directed at Digi and to which no response by Digi is required.  To the extent a response is required, Digi lacks information sufficient to

form a belief as to the truth of the allegations contained in paragraph 70, and therefore denies those allegations.

71.     Paragraph 71 contains conclusions of law, to which no response is required.  To the extent a response is required, Digi states that it does not dispute personal jurisdiction in this case.  Digi denies the remaining allegations and characterizations of Paragraph 71, and specifically denies that it, directly or through intermediaries, ships, distributes, offers for sale, sells, or advertises any products or services that fall within any claims of MOSAID's patents in the Eastern District of Texas or anywhere else.  Digi further specifically denies that it commits patent infringement.

72.     Paragraph 72 contains statements not directed at Digi and to which no response by Digi is required.  To the extent a response is required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 72, and therefore denies those allegations.

73.     Paragraph 73 contains statements not directed at Digi and to which no response by Digi is required.  To the extent a response is required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 73, and therefore denies those allegations.

74.     Paragraph 74 contains statements not directed at Digi and to which no response by Digi is required.  To the extent a response is required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 74, and therefore denies those allegations.

75.     Paragraph 75 contains statements not directed at Digi and to which no response by Digi is required.  To the extent a response is required, Digi lacks information sufficient to

form a belief as to the truth of the allegations contained in paragraph 75, and therefore denies those allegations.

76.     Paragraph 76 contains statements not directed at Digi and to which no response by Digi is required.  To the extent a response is required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 76, and therefore denies those allegations.

77.     Paragraph 77 contains statements not directed at Digi and to which no response by Digi is required.  To the extent a response is required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 77, and therefore denies those allegations.

## PATENT INFRINGEMENT

78.     Digi incorporates herein by reference the responses stated in paragraphs 1-77 of this Answer as if fully set forth herein.

79.     Paragraph 79 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 79, and therefore denies those allegations.

80.     Paragraph 80 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 80, and therefore denies those allegations.

81.     Paragraph 81 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Digi lacks information

sufficient to form a belief as to the truth of the allegations contained in paragraph 81, and therefore denies those allegations.

82.     Paragraph 82 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 82, and therefore denies those allegations.

83.     Paragraph 83 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 83, and therefore denies those allegations.

84.     Paragraph 84 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 84, and therefore denies those allegations.

85.     Admitted.

86.     Paragraph 86 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Digi denies that each of the Patents-in-Suit is valid and enforceable.

87.     Paragraph 87 contains statements not directed at Digi, as well as conclusions of law, to which no response by Digi is required.  To the extent a response is required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 87, and therefore denies those allegations.

88.     Paragraph 88 contains statements not directed at Digi, as well as conclusions of law, to which no response by Digi is required.  To the extent a response is required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 88, and therefore denies those allegations.

89.     Paragraph 89 contains statements not directed at Digi, as well as conclusions of law, to which no response by Digi is required.  To the extent a response is required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 89, and therefore denies those allegations.

90.     Paragraph 90 contains statements not directed at Digi, as well as conclusions of law, to which no response by Digi is required.  To the extent a response is required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 90, and therefore denies those allegations.

91.     Paragraph 91 contains statements not directed at Digi, as well as conclusions of law, to which no response by Digi is required.  To the extent a response is required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 91, and therefore denies those allegations.

92.     Paragraph 92 contains statements not directed at Digi, as well as conclusions of law, to which no response by Digi is required.  To the extent a response is required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 92, and therefore denies those allegations.

93.     Paragraph 93 contains statements not directed at Digi, as well as conclusions of law, to which no response by Digi is required.  To the extent a response is required, Digi lacks

information sufficient to form a belief as to the truth of the allegations contained in paragraph 93, and therefore denies those allegations.

94.     Paragraph 94 contains statements not directed at Digi, as well as conclusions of law, to which no response by Digi is required.  To the extent a response is required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 94, and therefore denies those allegations.

95.     Paragraph 95 contains statements not directed at Digi, as well as conclusions of law, to which no response by Digi is required.  To the extent a response is required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 95, and therefore denies those allegations.

96.     Paragraph 96 contains statements not directed at Digi, as well as conclusions of law, to which no response by Digi is required.  To the extent a response is required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 96, and therefore denies those allegations.

97.     Paragraph 97 contains statements not directed at Digi, as well as conclusions of law, to which no response by Digi is required.  To the extent a response is required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 97, and therefore denies those allegations.

98.     Paragraph 98 contains statements not directed at Digi, as well as conclusions of law, to which no response by Digi is required.  To the extent a response is required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 98, and therefore denies those allegations.

99.     Paragraph 99 contains statements not directed at Digi, as well as conclusions of law, to which no response by Digi is required.  To the extent a response is required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 99, and therefore denies those allegations.

100.    Paragraph 100 contains statements not directed at Digi, as well as conclusions of law, to which no response by Digi is required.  To the extent a response is required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 100, and therefore denies those allegations.

101.    Paragraph 101 contains statements not directed at Digi, as well as conclusions of law, to which no response by Digi is required.  To the extent a response is required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 101, and therefore denies those allegations.

102.    Paragraph 102 contains statements not directed at Digi, as well as conclusions of law, to which no response by Digi is required.  To the extent a response is required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 102, and therefore denies those allegations.

103.    Paragraph 103 contains statements not directed at Digi, as well as conclusions of law, to which no response by Digi is required.  To the extent a response is required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 103, and therefore denies those allegations.

104.    Paragraph 104 contains statements not directed at Digi, as well as conclusions of law, to which no response by Digi is required.  To the extent a response is required, Digi lacks

information sufficient to form a belief as to the truth of the allegations contained in paragraph 104, and therefore denies those allegations.

105.    Paragraph 105 contains statements not directed at Digi, as well as conclusions of law, to which no response by Digi is required.  To the extent a response is required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 105, and therefore denies those allegations.

106.    Paragraph 106 contains statements not directed at Digi, as well as conclusions of law, to which no response by Digi is required.  To the extent a response is required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 106, and therefore denies those allegations.

107.    Paragraph 107 contains statements not directed at Digi, as well as conclusions of law, to which no response by Digi is required.  To the extent a response is required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 107, and therefore denies those allegations.

108.    Paragraph 108 contains statements not directed at Digi, as well as conclusions of law, to which no response by Digi is required.  To the extent a response is required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 108, and therefore denies those allegations.

109.    Paragraph 109 contains statements not directed at Digi, as well as conclusions of law, to which no response by Digi is required.  To the extent a response is required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 109, and therefore denies those allegations.

110.    Paragraph 110 contains statements not directed at Digi, as well as conclusions of law, to which no response by Digi is required.  To the extent a response is required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 110, and therefore denies those allegations.

111.    Paragraph 111 contains statements not directed at Digi, as well as conclusions of law, to which no response by Digi is required.  To the extent a response is required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 111, and therefore denies those allegations.

112.    Paragraph 112 contains statements not directed at Digi, as well as conclusions of law, to which no response by Digi is required.  To the extent a response is required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 112, and therefore denies those allegations.

113.    Paragraph 113 contains statements not directed at Digi, as well as conclusions of law, to which no response by Digi is required.  To the extent a response is required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 113, and therefore denies those allegations.

114.    Paragraph 114 contains statements not directed at Digi, as well as conclusions of law, to which no response by Digi is required.  To the extent a response is required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 114, and therefore denies those allegations.

115.    Paragraph 115 contains statements not directed at Digi, as well as conclusions of law, to which no response by Digi is required.  To the extent a response is required, Digi lacks

information sufficient to form a belief as to the truth of the allegations contained in paragraph 115, and therefore denies those allegations.

116.    Paragraph 116 contains statements not directed at Digi, as well as conclusions of law, to which no response by Digi is required.  To the extent a response is required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 116, and therefore denies those allegations.

117.    Digi denies the allegations of paragraph 117.

118.    Digi denies the allegations of paragraph 118.

119.    Digi denies the allegations of paragraph 119.

120.    Paragraph 120 contains statements not directed at Digi, as well as conclusions of law, to which no response by Digi is required.  To the extent a response is required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 120, and therefore denies those allegations.

121.    Paragraph 121 contains statements not directed at Digi, as well as conclusions of law, to which no response by Digi is required.  To the extent a response is required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 121, and therefore denies those allegations.

122.    Paragraph 122 contains statements not directed at Digi, as well as conclusions of law, to which no response by Digi is required.  To the extent a response is required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 122, and therefore denies those allegations.

123.    Paragraph 123 contains statements not directed at Digi, as well as conclusions of law, to which no response by Digi is required.  To the extent a response is required, Digi lacks

information sufficient to form a belief as to the truth of the allegations contained in paragraph 123, and therefore denies those allegations.

124.     Paragraph 124 contains statements not directed at Digi, as well as conclusions of law, to which no response by Digi is required.  To the extent a response is required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 124, and therefore denies those allegations.

125.     Paragraph 125 contains statements not directed at Digi, as well as conclusions of law, to which no response by Digi is required.  To the extent a response is required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 125, and therefore denies those allegations.

126.     Paragraph 126 contains statements not directed at Digi, as well as conclusions of law, to which no response by Digi is required.  To the extent a response is required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 126, and therefore denies those allegations.

127.     Paragraph 127 contains statements not directed at Digi, as well as conclusions of law, to which no response by Digi is required.  To the extent a response is required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 127, and therefore denies those allegations.

128.     Paragraph 128 contains statements not directed at Digi, as well as conclusions of law, to which no response by Digi is required.  To the extent a response is required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 128, and therefore denies those allegations.

129.     Paragraph 129 contains statements not directed at Digi, as well as conclusions of law, to which no response by Digi is required.  To the extent a response is required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 129, and therefore denies those allegations.

130.     Paragraph 130 contains statements not directed at Digi, as well as conclusions of law, to which no response by Digi is required.  To the extent a response is required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 130, and therefore denies those allegations.

131.     Paragraph 131 contains statements not directed at Digi, as well as conclusions of law, to which no response by Digi is required.  To the extent a response is required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 131, and therefore denies those allegations.

132.     Paragraph 132 contains statements not directed at Digi, as well as conclusions of law, to which no response by Digi is required.  To the extent a response is required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 132, and therefore denies those allegations.

133.     Paragraph 133 contains statements not directed at Digi, as well as conclusions of law, to which no response by Digi is required.  To the extent a response is required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 133, and therefore denies those allegations.

134.     Paragraph 134 contains statements not directed at Digi, as well as conclusions of law, to which no response by Digi is required.  To the extent a response is required, Digi lacks

information sufficient to form a belief as to the truth of the allegations contained in paragraph 134, and therefore denies those allegations.

135.    Paragraph 135 contains statements not directed at Digi, as well as conclusions of law, to which no response by Digi is required.  To the extent a response is required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 135, and therefore denies those allegations.

136.    Paragraph 136 contains statements not directed at Digi, as well as conclusions of law, to which no response by Digi is required.  To the extent a response is required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 136, and therefore denies those allegations.

137.    Paragraph 137 contains statements not directed at Digi, as well as conclusions of law, to which no response by Digi is required.  To the extent a response is required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 137, and therefore denies those allegations.

138.    Paragraph 138 contains statements not directed at Digi, as well as conclusions of law, to which no response by Digi is required.  To the extent a response is required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 138, and therefore denies those allegations.  As to allegations concerning Digi only, Digi denies the allegations of paragraph 138.

139.    Paragraph 139 contains statements not directed at Digi, as well as conclusions of law, to which no response by Digi is required.  To the extent a response is required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph

139, and therefore denies those allegations. As to allegations concerning Digi only, Digi denies the allegations of paragraph 139.

140.    Paragraph 140 contains statements not directed at Digi, as well as conclusions of law, to which no response by Digi is required. To the extent a response is required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 140, and therefore denies those allegations. As to allegations concerning Digi only, Digi denies the allegations of paragraph 140.

141.    Paragraph 141 contains statements not directed at Digi, as well as conclusions of law, to which no response by Digi is required. To the extent a response is required, Digi lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 141, and therefore denies those allegations. As to allegations concerning Digi only, Digi denies the allegations of paragraph 141.

## AFFIRMATIVE DEFENSES

As further answer and as affirmative defenses, Digi alleges the following defenses without assuming any burden that it would not otherwise have, including without admitting or acknowledging that it bears the burden of proof as to any of them:

## FIRST DEFENSE

Digi has not and does not infringe any valid and enforceable claim of the Patents-in-Suit directly, either literally or under the doctrine of equivalents, or indirectly, either by inducement or contribution.

## SECOND DEFENSE

Upon information and belief, Digi alleges that no party has infringed or is infringing any valid, properly-construed, enforceable claim of the Patents-in-Suit. Hence, Digi is not and

cannot be held liable for contributory and/or inducing infringement.

### THIRD DEFENSE

If a valid, properly-construed, enforceable claim of any the Patents-in-Suit is or was infringed, Digi lacked knowledge of such infringement and, therefore, cannot be liable for contributory and/or inducing infringement.

### FOURTH DEFENSE

Digi lacked and lacks any specific intent to encourage others to infringe any claim of either of the Patents-in-Suit, foreclosing liability for inducement of infringement.

### FIFTH DEFENSE

Upon information and belief, Digi alleges that any and all accused products or actions have substantial uses that do not infringe and do not induce or contribute to the infringement of any asserted claims.

### SIXTH DEFENSE

Upon information and belief, Digi alleges that one or more of the claims of the Patents-in-Suit are invalid for failure to satisfy the conditions of patentability set forth in the Patent Laws of the United States, Title 35, United States Code, and specifically as set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

### SEVENTH DEFENSE

Upon information and belief, Digi alleges that Plaintiff is not entitled to relief against Digi because Digi has a license, express or implied, to the Patents-in-Suit.

### EIGHTH DEFENSE

Upon information and belief, Digi alleges that arguments and amendments contained in the prosecution history of the Patents-in-Suit bar infringement claims under the Patents-in-Suit.

## NINTH DEFENSE

Upon information and belief, Digi alleges that Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, implied waiver, laches, estoppel, and/or unclean hands.

## TENTH DEFENSE

Upon information and belief, Digi alleges that Plaintiff's request for injunctive relief is barred because, among other things, Plaintiff has an adequate remedy at law.

## ELEVENTH DEFENSE

Upon information and belief, Digi alleges that neither preliminary nor permanent injunctive relief are available to Plaintiff under the legal standards for injunctions, and a compulsory licenses would be legal error, because, among other things, Plaintiff cannot show irreparable harm, and the balance of hardships and public interest do not favor an injunction in this case. *See eBay Inc. v. MercExchange, L.L.C.*, 126 S. Ct. 1837 (2006).

## TWELFTH DEFENSE

Plaintiff's claims for relief and prayer for damages are limited by 35 U.S.C. §§ 286 and/or 287, and Plaintiffs are barred by 35 U.S.C. § 288 from recovering costs associated with its action.

## THIRTEENTH DEFENSE

Upon information and belief, Digi alleges that Plaintiff cannot prove that this is an exceptional case justifying an award of attorney fees against Digi pursuant to 35 U.S.C. § 285.

## FOURTEENTH DEFENSE

Plaintiff's Original Complaint fails to state a claim upon which relief can be granted.

## FIFTEENTH DEFENSE

Upon information and belief, Digi alleges that Plaintiff lacks standing to sue.

## SIXTEENTH DEFENSE

Upon information and belief, Digi alleges that Plaintiff's claims are barred by the exhaustion doctrine.

## SEVENTEENTH DEFENSE

Upon information and belief, Digi alleges that the Patents-in-Suit are encumbered by an assignee's commitment to license the patents on fair, reasonable, and non-discriminatory terms to any party practicing the 802.11 standard.

## OTHER AFFIRMATIVE DEFENSES

Digi reserves the right to assert affirmatively any other matter that constitutes an affirmative defense under applicable law and rules.

## DEMAND FOR JURY TRIAL

Digi demands a trial by jury on all issues so triable.

## COUNTERCLAIMS

Defendant and Counterclaim-Plaintiff Digi International, Inc. ("Digi"), by and through its undersigned attorneys, plead the following counterclaims against Plaintiff and Counterclaim-Defendant MOSAID Technologies Incorporated ("MOSAID"):

1.      Digi is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 11001 Bren Road East, Minnetonka, Minnesota 55343.

2.      Upon information and belief, MOSAID Technologies Incorporated is a corporation subject to the laws of Canada with its principal place of business at 11 Hines Road, Suite 203, Ottawa, Ontario Canada K2K 2X1.  Upon further information and belief, MOSAID's

United States principal place of business is located at 101 E. Park Blvd., Suite 600, Plano, Texas 75074.

3.     MOSAID alleges in its Original Complaint that it is the assignee of all rights, title, and interests in U.S. Patent Numbers 5,131,006 ("the '006 Patent"); 5,151,920 ("the '920 Patent"); 5,422,887 ("the '887 Patent"); 5,706,428 ("the '428 Patent"); 6,563,786 ("the '786 Patent"); and 6,992,972 ("the '972 Patent") (collectively, "the Patents-in-Suit") with all rights of recovery under the Patents-in-Suit.

## JURISDICTION AND VENUE

4.     This action arises under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.* and the Declaratory Judgment Act, § 2201, *et seq.*

5.     This Court has subject matter jurisdiction over Digi's counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 2201 and 2202.

6.     MOSAID has submitted to the personal jurisdiction and venue of this Court.

7.     Venue is proper, although not the most proper, in this judicial district under 28 U.S.C. §§ 1391 and 1400.

## COUNT I
## (Declaratory Judgment of Non-Infringement)

8.     Digi incorporates by reference in this cause of action all of the allegations set forth in paragraphs 1 through 7 of its Counterclaims.

9.     MOSAID has filed suit against Digi alleging in the Original Complaint that Digi infringes the Patents-in-Suit.  As a result of these allegations and the filing of the lawsuit, and all other circumstances, a justiciable dispute exists between Digi and MOSAID regarding the alleged infringement of the Patents-in-Suit.

10.     Digi has not and does not infringe any claim of the Patents-in-Suit, either literally or under the doctrine of equivalents, either directly or indirectly, or under any other doctrine.

11.     An actual case and controversy exists between Digi and MOSAID regarding Digi's non-infringement of the Patents-in-Suit, which is within the jurisdiction of this Court.

12.     By reason of the foregoing, Digi is entitled to a declaratory judgment by this Court that Digi does not infringe the Patents-in-Suit in any way.

**COUNT II**
**(Declaratory Judgment of Invalidity)**

13.     Digi incorporates by reference in this cause of action all of the allegations set forth in paragraphs 1 through 12 of its Counterclaims.

14.     MOSAID has filed suit against Digi alleging in the Original Complaint that Digi infringes the Patents-in-Suit.  As a result of these allegations and the filing of the lawsuit, and all other circumstances, a justiciable dispute exists between Digi and MOSAID regarding the alleged infringement of the Patents-in-Suit.

15.     The claims of the Patents-in-Suit are invalid for failure to comply with the U.S. Patent Laws, 35 U.S.C. §§ 1, *et seq*., including without limitation §§ 101, 102, 103 and/or 112.

16.     An actual case and controversy exists between Digi and MOSAID regarding the validity of the Patents-in-Suit that is within the jurisdiction of this Court.

17.     Based upon the foregoing, Digi is entitled to a declaratory judgment from the Court that the claims of the Patents-in-Suit are invalid.

**RESERVATION OF ADDITIONAL COUNTERCLAIMS**

18.      As discovery in this case has not yet commenced, and as Digi continues to investigate the allegations set forth in the Original Complaint, Digi specifically gives notice that it intends to assert additional counterclaims as may become available by law, statute, or upon

discovery in this case.  As such, Digi hereby reserves the right to amend its Answer and to assert

additional affirmative defenses and counterclaims as allowed by the Federal Rules of Civil

Procedure and the Local Rules of the United States District Court for the Eastern District of

Texas.


## PRAYER FOR RELIEF

WHEREFORE, Digi respectfully requests that the Court enter judgment in favor of Digi

on the foregoing and enter a judgment granting the following relief:

A.      That the Court dismiss MOSAID's Original Complaint as to Digi;

B.      That the Court dismiss MOSAID's claims in their entirety, with prejudice, as to

Digi;

C.      That the Court find that MOSAID is not entitled to any of its requested relief, or

any relief whatsoever, as to Digi;

D.      That the Court find that MOSAID is not entitled to any costs in this litigation,

pursuant to § 288;

E.      That the Court find that the claims of the Patents-in-Suit are invalid;

F.      That the Court find that Digi has not infringed any valid and enforceable claims of

the Patents-in-Suit, directly or indirectly, under any subsection of 35 U.S.C. § 271;

G.      That the Court find this to be an exceptional case entitling Digi to an award of

attorneys' fees, expenses, and costs pursuant to 35 U.S.C. § 285;

H.      That the Court deny any preliminary or permanent injunctive relief sought by

MOSAID against Digi; and

I.      That the Court award Digi such other and further relief as the Court deems just

and appropriate.

## DEMAND FOR JURY TRIAL

Digi demands a trial by jury on all issues so triable.

Respectfully submitted,

Dated:  June 24, 2011

By:  /s/ Mathias W. Samuel
Mathias W. Samuel
State Bar No. 0272164
samuel@fr.com
FISH & RICHARDSON P.C.
60 South Sixth Street, Suite 3200
Minneapolis, Minnesota 55402
(612) 335-5070 (office)
(612) 288-9696 (fax)

Thad Kodish
State Bar No. 427603
tkodish@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree Street NE, Suite 2100
Atlanta, GA 30309
(404) 892-5005 (office)
(404) 892-5002 (fax)

*Counsel for Defendant Digi International, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's EM/ECF system per Local Rule CV-5(a)(3) on this 24th day of June 2011.  Any other counsel of record will be served by first class U.S. mail on this same date.

/s/ Mathias W. Samuel
Mathias W. Samuel