**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| MOSAID TECHNOLOGIES INC. | § | |
| | § | |
| v. | § | Case No. 2:11cv179 |
| | § | |
| DELL, INC., ET AL. | § | |

## SCHEDULING AND DISCOVERY ORDER

Based on a review of the case and the parties' Joint Motion for Submission of Proposed

Scheduling and Discovery Order (Docket Entry #338), the Court enters this case specific order

which controls pretrial discovery and disposition of this action pending further order of the

Court.[1]

### I. SUMMARY OF CRITICAL DATES

| PRETRIAL EVENTS | DEADLINES |
|---|---|
| Deadline to serve disclosure of asserted claims and infringement Contentions (P.R. 3-1 and 3-2) | November 23, 2011 |
| Deadline to serve initial disclosures (other than damages) (¶ 1) | December 16, 2011 |
| Deadline to serve invalidity contentions (P.R. 3-3 and 3-4) | March 30, 2012 |
| Deadline to add additional parties (¶ 2) | June 1, 2012 |
| Deadline to serve invalidity contentions (P.R. 3-3 and 3-4(b)) | June 14, 2012 |
| Deadline to serve damages disclosures (¶1) | December 7, 2012 |
| Deadline to exchange privilege logs (¶ 4) | October 17, 2012 |

---

[1]  The parties are reminded that the Court's Protective Order and Order Regarding E-Discovery remain in effect.

| Deadline to exchange proposed terms for construction (P.R. 4-1) | November 21, 2012 |
|---|---|
| Deadline to exchange preliminary claim construction and extrinsic evidence (P.R. 4-2) | December 14, 2012 |
| Deadline to file Joint Claim Construction and Prehearing Statement (P.R. 4-3) | January 12, 2013 |
| Deadline to amend pleadings (¶ 2) | January 18, 2013 |
| Discovery deadline—claim construction | January 25, 2013 |
| Respond to amended pleadings | February 8, 2013 |
| Deadline to file motions to dismiss (¶ 3) | February 8, 2013 |
| Deadline to file opening claim construction brief (P.R. 4-5(a)) | February 5, 2013 |
| Deadline to file response to claim construction brief (P.R. 4-5(b)) | March 12, 2013 |
| Deadline to file motion for summary judgment of indefiniteness | March 12, 2013 |
| Deadline to file reply to claim construction brief (P.R. 4-5(c)) | March 26, 2013 |
| Deadline to file response to motion for summary judgment of indefiniteness | March 29, 2013 |
| Deadline to file reply to motion for summary judgment of indefiniteness | April 5, 2013 |
| Deadline to file claim construction chart (P.R. 4-5(d)) | April 5, 2013 |
| Deadline for submission of background technology tutorials from each side (if a side wishes to submit a background technology tutorial, it must notify the other side at least 60 days in advance of the submission) | April 5, 2013 |
| Claim construction technology tutorial and hearing (i.e. *Markman* hearing) (P.R. 4-6) | April 16, 2013 at 9:00 a.m.<br><br>Texarkana, Texas<br><br>Fourth Floor Courtroom |
| Fact discovery deadline (¶ 6) | June 20, 2013 |
| Deadline to designate expert witnesses and reports on issues for which the party bears the burden of proof (¶ 5) | July 25, 2013 |
| Deadline to disclose willfulness opinions (P.R. 3-7) | August 9, 2013 |

| | |
|---|---|
| Deadline to designate expert witnesses and reports on issues for which the party does not bear the burden of proof (¶ 5) | 30 days after service of opening expert reports |
| Expert discovery deadline (¶ 6) | 30 days after service of rebuttal expert reports |
| Deadline to file letter briefs | August 9, 2013 |
| Deadline to notify Court of mediator (¶ 7) | September 10, 2013 |
| Deadline to complete **required** mediation (¶ 7) | October 1, 2013 |
| Deadline for dispositive motions (including *Daubert* motions) (¶ 8) | October 8, 2013 |
| Deadline for parties to exchange pretrial disclosures (¶ 9) | November 8, 2013 |
| Deadline to notify Court of daily transcript or realtime request (¶ 10) | November 8, 2013 |
| Deadline for parties to exchange objections to pretrial disclosures   (¶ 9) | November 22, 2013 |
| Deadline for parties to meet and confer on resolving objections (¶ 11) | December 2, 2013 |
| Deadline to file pretrial materials, including Motions *in Limine* (¶ 12) | December 9, 2013 |
| Oppositions to Motions *in Limine* due | December 16, 2013 |
| Replies to Motions *in Limine* due | December 23, 2013 |
| Deadline for parties to exchange exhibits (¶ 13) | January 3, 2014 |
| Pretrial conference and trial setting in Texarkana, Texas, Fourth Floor Courtroom (¶ 14) | January 8, 2014 at 10:00 a.m. |

## II. DETAILED INSTRUCTIONS

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure[2] and the local rules of this Court (except as modified herein), the Court, having considered the joint report submitted by the parties, finds that the schedule set forth above governs the disposition of this case.

---

[2] Unless otherwise noted, all references to "Rules" in this order refer to the Federal Rules of Civil Procedure.

Unless otherwise ordered or specified herein, all limitations and requirements of the Federal Rules of Civil Procedure and the local rules of this Court must be observed.

**The deadlines imposed in this order are firmly in place, absent the few exceptions set forth below. The Court has reviewed and taken into consideration the parties' Joint Discovery/Case Management Plan. In so doing, the Court assumes that the parties thoroughly discussed the issues prior to submitting their joint plan. Accordingly, a party is not excused from the requirements of this order because it has not completed its investigation of the case or because another party has not complied with the deadlines. A party is not excused from the requirements and deadlines set forth due to the status of pending motions, including dispositive motions, motions to change venue, or motions for continuance.**

1.    <u>**Initial Disclosures:**</u>   To the extent any such information is not required by the Local Patent Rules to be disclosed at an earlier date, Initial Disclosures must be completed by the date set in the Scheduling and Discovery Order. Initial Disclosures consist of the disclosures required by Rule 26(a)(1) and the information listed below:

a.    the correct names of the parties to the lawsuit;

b.    the name, address, and telephone number of any potential parties;

c.    the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

d.    the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by such person;

e.    any indemnity or insuring agreements under which any person or entity may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

f.    any settlement agreements relevant to the subject matter of this action;

***<u>Initial disclosures do not include materials related to damages.</u>***

**<u>Additional Disclosures</u>**:

Beginning no later than April 13, 2012 and without awaiting a discovery request, a copy of all documents, data compilations, materials bearing on the nature and extent of injuries suffered, and tangible things in the possession, custody, or control of the party ***<u>that are relevant to the pleaded claims or defenses involved in this action</u>***. By written agreement of all parties, alternative forms of disclosure may be provided in lieu of paper copies.  For example, the parties may agree to exchange images of documents electronically or by means of computer disk; or the parties may agree to review and copy disclosure materials at the officers of the parties or parties' counsel.

Because documents relevant to any claim or defense are to be produced, requests for production are unnecessary. However, should a party believe that certain relevant documents have not been produced, that party may request said documents by letter. The Court will entertain a motion to compel documents without the necessity of a movant

propounding formal requests for production.

**Damages Disclosures:** Damages Disclosures must be completed by the date set forth above, unless such information is required by the Local Patent Rules to be disclosed at an earlier date. Damages Disclosures consist of the disclosures required by Rule 26(a)(1)(A)(iii) including a complete computation of any category of damages claimed by any party to the action. The parties must also make available for inspection and copying the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

**Duty to Supplement:** Each party is under a duty to supplement or correct its disclosures immediately if the party obtains information on the basis of which it knows the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

2. **Joinder of Additional Parties or Amendment of Pleadings:** All joinder of additional parties or amendments of pleadings must be filed by the date listed above. Fed. R. Civ. P. 16(b)(1). Parties must request leave to amend pursuant to P.R. 3-6(b) if the amended pleadings will affect infringement or invalidity contentions. A request for leave is also required if the amendment seeks to add a new patent. Otherwise, a request for leave is not required.

3. **Motions to Dismiss:** All motions asserting defenses under **Rule 12(b)(6)**

must be filed by the date listed above.

4.   **Privilege Logs:** There is no duty to disclose privileged documents or information, but the parties must exchange privilege logs by the deadline set forth in this order. The parties shall not be required to list on their respective privilege logs attorney-client communications or litigation-related work product created on or after the filing of the Original Complaint, i.e., after March 16, 2011.  No later than thirty days after exchanging privilege logs, any party may move the Court for an order compelling the production of any documents or information identified on any party's privilege log.

5.   **Experts:**

   a.   **Designation of Expert(s) and Report(s) by Party With the Burden of Proof:** Unless otherwise stipulated or directed by order, each party must file a written designation of the name and address of each expert witness who will testify at trial on each issue for which that party bears the burden of proof. The party must also otherwise comply with Rule 26(a)(2)—including disclosure of the expert report(s). *Each party is limited to two testifying expert witnesses.*

   b.   **Designation of Expert(s) and Report(s) on Issues on Which the Party Does Not Bear the Burden of Proof:** Unless otherwise stipulated or directed by order, each party must file a written designation of the name and address of each expert witness who will testify at trial on each issue for which that party does not bear the burden of proof. The party must also otherwise comply with Rule 26(a)(2)—including disclosure of the expert report(s). *Each party is limited to two testifying*

*expert witnesses.*

c.    **Rebuttal Expert(s):** If the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B), the disclosures required under Rule 26(a)(2) must be made within **30 days** after the disclosure made by the other party. Fed. R. Civ. P. 16(b)(1).

d.    **Challenges to Experts:** The parties are directed to file any objections to, or motions to strike or exclude expert testimony no later than the deadline for dispositive motions. *See* ¶ 8.

6.    **Completion of Discovery:** All discovery—including discovery concerning expert witnesses—must be completed by the date listed above. The parties may agree to extend this discovery deadline, provided (i) the extension **does not affect** the trial setting, dispositive motions deadline, challenges to experts deadline, or pretrial submission deadline; and (ii) **written notice** of the extension is given to the Court.

**Absent further order of this Court, the parties' discovery in this cause is limited to the following.**

a.    **Written Discovery**

(1)Plaintiff may serve up to twenty (20) common interrogatories stated identically to all Defendants and thirty (30) interrogatories stated individually to each individual Defendant or Defendant Group (i.e., a group of related corporate defendants that share a common parent and/or have parent/subsidiary relationships). Defendants may collectively serve up to twenty (20) common interrogatories stated identically on Plaintiff and each individual Defendant or Defendant Group may serve up to thirty (30) additional interrogatories on Plaintiff. An interrogatory directed to more than one patent-in-suit or more than one accused product shall not count as more than one interrogatory on that basis alone.

(2)Plaintiff may serve up to fifty (50) common requests for admission stated identically to all Defendants and one hundred (100) requests for admission stated individually to each individual Defendant or Defendant Group. Defendants may collectively serve up to fifty (50) common requests for admission stated identically on Plaintiff and each individual Defendant or Defendant Group may serve up to one hundred (100) additional requests for admission on Plaintiff. Notwithstanding the foregoing, each side may serve unlimited requests for admission relating to the authenticity of documents or the applicability of the business records hearsay exception. Requests for admission directed to document authentication and the business records exception shall be clearly denoted as such and shall be served separately from any requests for admission subject to the numerical limitations stated herein.

### b.      Third Party Discovery

The parties agree to promptly produce documents received from third parties in connection with this litigation as a result of a subpoena or other formal request (whether officially served or not) to such third parties, and will endeavor to do so within 48 hours of receipt of the documents. For avoidance of a doubt, this provision pertains to all documents received from a third party in response to formal or informal subpoena requests or other formal requests. Unless the parties agree otherwise, no third-party deposition will occur unless each party to this action receives the third-party documents that are in the possession of another party at least five (5) calendar days before the deposition.

### c.      Fact Depositions of Parties and Non-Parties

(1)The total number of non-expert deposition hours taken by Plaintiff, including Rule 30(b)(6) depositions, third party depositions of inventors of the patents-in-suit, and other individual partyemployee depositions, shall not exceed 700 hours. No more than 100 deposition hours may be taken by Plaintiff of any individual Defendant or Defendant Group.

If a particular defendant believes Plaintiff is subjecting it to an unreasonable number of deposition hours, that defendant may seek a protective order from the Court.

(2)The total number of non-expert deposition hours taken by Defendants, individually or collectively, including Rule 30(b)(6) depositions, third-party depositions of inventors of the patents-in-suit and individual

party-employee depositions shall not exceed 700 hours, such time to be split according to agreement by Defendants.

(3)The parties agree that, pursuant to Fed. R. Civ. P. 30(d)(1), unless otherwise stipulated or ordered by the Court, the deposition of an individual fact witness is limited to 1 day (7 hours, excluding breaks), provided that the Court may allow additional time consistent with Fed. R. Civ. P. 26(b)(2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination.

(4)The parties agree any hours for third party depositions other than inventors do not apply to the 700 hour deposition limit.

(5)In addition to the limits set forth above, each side is permitted to take reasonable and necessary depositions by written questions. If a party intends to serve a third party subpoena for a deposition by written questions, the party agrees to first provide a copy of the subpoena and the list of questions to all of the parties in this case. The parties agree to work in good faith to create a single list of direct, cross, re-direct, re-cross, etc. questions to attach to the third party subpoena. The parties further agree that if the subpoena recipient agrees to provide written answers to the written questions in signed affidavit form, the affidavit will be considered admissible evidence to the same extent that a deposition transcript would be considered admissible. All objections to specific questions must be made in writing before the parties agree on the final list of questions to attach to the subpoena. Objections may be ruled on by the Court at any time prior to trial, and a party does not waive an objection by allowing the question to be included in the list of questions attached to the subpoena.

## d.    Expert Depositions

Expert depositions shall be limited to 7 hours per substantive topic (infringement, validity, etc.) If, however, one expert's report(s) covers more than one party (e.g. Plaintiff retains one expert to opine as to the infringement of each Defendant), then the expert may be deposed for a total of 7 hours plus 2 hours for each Defendant group. If one's expert report(s) cover more than one topic (e.g., both infringement and validity, or both noninfringement and invalidity) then, for each topic, that expert may be deposed 7 hours plus 2 hours for each Defendant group. The expert's deposition may occur on consecutive days at the expert's option.

To the extent there is insufficient time for expert depositions, the parties may agree to increase the time limits, where appropriate or, if the parties cannot reach an agreement, a party may seek leave for additional time.

**e.     Expert Discovery**

The parties agree to the following with respect to Expert Discovery:

(1)Oral and written communication between an expert witness for any party or parties, and the party or parties, or their attorneys or representatives employing such expert or an expert witness retained by a party or its attorneys, which are made in connection with the expert witness' engagement for this case are not discoverable, except to the extent that the expert relies upon them for his opinions. Details regarding the expert's compensation and fee agreement remain discoverable.

(2)Drafts of a report of an expert witness for any party or parties that are prepared in connection with the expert witness' engagement for this action are not discoverable.

(3)All notes, memoranda and other writings of an expert witness that are prepared in connection with the expert witness' engagement for this case are not discoverable unless relied on by the expert or to the extent that the expert consults them or refreshes his or her memory with them while testifying at a deposition or at trial.

(4)No party will argue or suggest at trial that any expert should have produced discovery, e.g., that the expert should have produced draft reports, beyond what is required under this section.

**f.     Modifications and Objections**

(1)The parties reserve the right to seek additional discovery, including additional deposition time, for good cause shown.

(2)The parties agree that nothing herein shall limit any party's right to raise objections to any discovery, including objections based on burdensomeness and cumulativeness.

Counsel are directed to contact the Discovery Hotline provided by

Local Rule CV-26(f) for resolution of discovery disputes that are not able

to be briefed, such as disputes arising during a deposition.

7.    **Mediation:** The parties must file a **Joint Report** informing the Court of their choice of an agreed-upon mediator. In the event the parties are unable to agree upon a mediator, the parties must file a notice indicating the deadlock. The parties will be required to mediate their case pursuant to the Court-Annexed Mediation Plan. *See* Local Rule App. H.

8.    **Dispositive Motions:** All motions that would dispose of all or any part of this case (including motions for **summary judgment and _Daubert_ motions**) must be filed by the date listed above. The parties are reminded of the page limits set forth in Local Rule CV-7(a)(1) (e.g., no more than thirty pages per motion). Additionally, if more than one summary judgment motion is filed, the parties are reminded of the limitations set forth in Local Rule CV-7(a)(3) (e.g., no more than sixty pages total for all summary judgment motions filed). The Court will disregard any pages exceeding these limits.

9.    **Pretrial Disclosures and Objections:** Unless otherwise directed by order, the parties must serve the disclosures required by Rule 26(a)(3)(A) by the pretrial disclosure deadline listed above. (The parties need not file this information with the Court until the deadline to file pretrial materials.) With respect to the identification of witnesses who will be called by deposition, the parties must also identify the portions of the deposition transcript that they intend to use.

Within **14 days thereafter,** a party must serve a list disclosing any objections, together with the grounds therefor, to: (i) the use under Rule 32(a) of a deposition designated by another party under Rule 26(a)(3)(A)(ii); (ii) the admissibility of materials identified under Rule 26(a)(3)(A)(iii); and (iii) the use of any witnesses (except for expert objections) identified under Rule 26(a)(3)(A)(i),[3] if any. Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, are waived unless excused by the Court for good cause.

10.    **Notice of  Request  for Daily Transcript or Real Time Reporting:** If either daily transcript or realtime reporting of the court proceedings is requested for trial, the party or parties making the request must file a notice with the Court and e-mail the court reporter, Ms. Jan Mason, at Jan_Mason@txed.uscourts.gov. In no event should this date be less than sixty days before the pretrial conference.

11.    **Meet and Confer Requirement:** The parties are expected to cooperate in the exchange of information to ensure that objections may be timely filed. The parties also must adhere to the meet and confer requirement set forth in Local Rule CV-7(h) **before filing their objections to pretrial materials**. This will help to narrow issues that are *actually* in dispute. The Court will exclude any exhibit offered at trial unless the parties timely

---

[3] Requiring parties to file objections to witnesses disclosed under Rule 26(a)(3)(A) is a modification of the requirements of Rule 26(a)(3)(B), which only requires that the parties file objections to deposition designations and exhibits.

comply with this section.

12.   **Pretrial Materials:** All pretrial materials must be filed by the date listed above. Specifically, by this date the parties must file the following:

  a.   **Pretrial Order:** A joint proposed pretrial order must be submitted by Plaintiff's attorney. *See* Local Rule App. D. If an attorney for either party does not participate in the preparation of the joint pretrial order, the opposing attorney must submit a separate pretrial order with an explanation of why a joint order was not submitted (so that the Court can impose sanctions, if appropriate). Each party may present its version of any disputed matter in the joint pretrial order; therefore, failure to agree upon content or language is **not an excuse for submitting separate pretrial orders**. When the joint pretrial order is approved by the Court, it will control all subsequent proceedings in this case.

  b.   **Witness List:** A list of witnesses, in alphabetical order, must be filed by each party (a sample form is available on the Court's website, www.txed.uscourts.gov). The list must divide the persons listed into groups of **"will call," "may call," and "may, but probably not call"** and must provide:

   **(i)**   the **names and addresses** of each witness;

   **(ii)**   a **brief narrative summary** of the testimony;

   **(iii)**   whether the witness has been **deposed**; and

   **(iv)**   the **expected duration** of direct and cross-examination of the witness.

  c.   **Exhibit List and Deposition Testimony Designation:** A list of exhibits (including demonstrative exhibits) and a designation of portions of depositions that a party in good faith

intends to offer at trial must be filed by each party. Regarding the exhibits, the parties must adhere to the following requirements:

(i)     Describe with specificity the documents or things in numbered sequence.

(ii)    Exhibits must be numbered numerically and in succession, and must be marked with the case number. They must be marked **before trial** with official exhibit stickers. If there are multiple parties, exhibit numbers must be followed by the party's last name, i.e., "PX1-Jones" or "DX1-Miller."

WHENEVER A MULTI-PAGE-EXHIBIT IS USED, EACH PAGE OF AN EXHIBIT MUST BE SEPARATELY NUMBERED. FOR EXAMPLE, IF PLAINTIFF'S EXHIBIT 1 IS A THREE-PAGE DOCUMENT, THE FIRST PAGE SHOULD BE MARKED AS "PX1-1," THE SECOND PAGE MARKED AS "PX1-2," AND THE THIRD PAGE MARKED AS "PX1-3."

(iii)   Each party must also file written objections to the opposing party's exhibits and deposition designations or a notice of no objections. Objections must be filed with the proposed pretrial order and should identify the contested exhibit by number and **explain in detail** the legal basis for the objection. The parties should organize their objections into discrete categories. Responses to objections are due within two business days of the filing of the objections.

d.      **Jury Instructions in Jury and Non-Jury Trials:** Proposed jury instructions and verdict forms must be filed jointly. If the parties disagree on the proposed instruction, Plaintiffs should italicize their proposed language, and Defendants should

underline their proposed language. The basis for and legal authority supporting each party's proposed language should be set forth in footnotes. The Court may seat an advisory jury in a non-jury case. Thus, the parties are required to file proposed jury instructions even if the parties have not demanded a jury.

e. **Proposed Findings of Fact and Conclusions of Law:** In a case involving factual issues to be resolved by the Court, proposed findings of fact and conclusions of law must be filed by each party. Counsel should draft proposed findings in neutral language, avoiding argument, and identifying the evidence expected to establish each finding. Counsel should set forth the proposed findings of fact and conclusions of law in separate sections composed of concise and separately numbered paragraphs. The Court may seat an advisory jury in a non-jury case. Thus, the parties must also file proposed jury instructions even if the parties have not demanded a jury trial.

f. **Limited Number of Motions in Limine:** Motions in limine should not be filed as a matter of course. Parties may file motions in limine on no more than **TEN discrete topics** (no subparts) that are actually in dispute. (Good faith compliance with the conference requirements of Local Rule CV-7(h) will help to narrow issues that are *actually* in dispute). The Court will strike all motions in limine that contain boilerplate requests, that exceed ten topics, or that cover undisputed issues. The moving party must promptly notify the Court in the event the parties resolve any of the motions in limine. Responses to motions in limine are due within two business days of the filing of the motion.

g. **Voir Dire:** The parties must file any proposed voir dire questions which the Court is requested to ask during its examination of the jury panel.

h. **Trial Briefs:** Trial briefs may be filed by each

party. In the absence of a specific order of the Court, trial briefs are not required, but are welcomed. The briefing should utilize Fifth Circuit, Federal Circuit, and Supreme Court authority or relevant state authority to address the issues the parties anticipate will arise at trial.

13.   **Exchange of Exhibits:** No later than **three business days before the pretrial conference,** counsel for each party intending to offer exhibits must **exchange a complete set** of marked exhibits (including demonstrative exhibits) with opposing counsel.

14.   **Pretrial Conference:** A pretrial conference in the case is set on the date and at the location indicated above. Lead counsel for each party must attend, or, if the party is proceeding pro se, the party must attend. Fed. R. Civ. P. 16 (c),(d). Lead counsel and pro se parties must have the authority to enter into stipulations and admissions that would facilitate the admission of evidence and reduce the time and expense of trial. *Id.* All pretrial motions not previously decided will be addressed at that time, and procedures for trial will be discussed. **At the final pretrial conference, the parties will be assigned a specific trial date beginning within four weeks of the final pretrial conference.** Parties should be prepared to conduct jury selection at any time after the final pretrial conference.

   **At the final pretrial conference, the parties must submit to the Court one copy of marked exhibits in tabbed, three-ring binders.**

15.   **Modification of Scheduling and Discovery Order:** As addressed above,

this order will control the disposition of this case unless it is modified by the Court upon a showing of **good cause** and by **leave of court.** Fed. R. Civ. P. 16(b). Any request that the trial date of this case be modified must be made **in writing** to the Court **before** the deadline for completion of discovery. Neither pending motions nor the failure to complete discovery establish good cause for a continuance.

16.   <u>**Sanctions:**</u> Should any party or counsel fail to cooperate in doing anything required by this order, such party or counsel or both may be subject to sanctions. If the *Plaintiff* does not timely file the required pretrial material, the case will be dismissed. If the *Defendant/third party* does not timely file the required (or other) pretrial material, a default will be entered or the Defendant/third party will not be permitted to present witnesses or exhibits at trial. Fines or other sanctions, if appropriate, may also be imposed under Rule 16(f). **Failure to list a witness, exhibit, or deposition excerpt as required by this order** will be grounds for exclusion of that evidence. This does not apply to testimony, exhibits, or deposition excerpts offered for impeachment; further, the use of unlisted witnesses, exhibits, or deposition excerpts for rebuttal will be permitted if the attorneys could not have reasonably anticipated their need for that evidence.

**It is SO ORDERED.**

**SIGNED this 4th day of June, 2012.**

Page 1

CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE