**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| _____ )  | | |
| MOSAID Technologies Incorporated, ) | | |
| ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | Case No. 2:11-cv-179 |
| v. ) | | |
| ) | | |
| Dell Inc., et al., ) | JURY TRIAL REQUESTED |
| ) | | |
| Defendants. ) | | |
| _____) | | |
| | | |
| _____ ) | | |
| Intel Corporation, ) | | |
| ) | | |
| Counterclaimant, ) | | |
| ) | | |
| v. ) | | |
| ) | | |
| MOSAID Technologies Incorporated, ) | | |
| ) | | |
| Counterclaim Defendant. ) | | |
| _____) | | |

### DEFENDANT INTEL CORPORATION'S FIRST AMENDED ANSWER AND COUNTERCLAIMS

Defendant Intel Corporation ("Intel" or "Defendant") responds to the allegations in the

Original Complaint for Patent Infringement ("Complaint") by MOSAID Technologies

Incorporated ("MOSAID" or "Plaintiff") as follows:

## RESPONSES TO SPECIFIC ALLEGATIONS OF THE COMPLAINT

### Nature of the Action

1.      Intel admits that the Complaint purports to assert claims for patent infringement against Intel and other defendants based on U.S. Patent Nos. 5,131,006 ("'006 patent"); 5,151,920 ("'920 patent"); 5,422,887 ("'887 patent"); 5,706,428 ("'428 patent"); 6,563,786 ("'786 patent"); and 6,992,972 ("'972 patent") (collectively, "Patents-in-Suit").  Except as expressly admitted, Intel denies the remaining allegations set forth in paragraph 1 of the Complaint.

2.      Intel admits the allegations set forth in paragraph 2.

3.      Intel admits the allegations set forth in paragraph 3.

4.      Intel is without knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph 4 that Plaintiff is the assignee of all rights and interest in the Patents-in-Suit, and therefore denies them.  Intel denies the remaining allegations set forth in paragraph 4.

5.      Intel admits that it makes, uses, sells, offers for sale, imports, and/or exports certain products.  To the extent that paragraph 5 alleges any such product "complies with or implements the IEEE 802.11 standards," because Plaintiff fails to specify which product(s) are alleged to comply with what standard(s) and what mandatory or permissive aspect(s) of said standard(s), Intel is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 5 and therefore denies them.  Intel is without knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph 5 as they pertain to any other Defendant and therefore denies them.  Except as expressly admitted, Intel denies any remaining allegations set forth in paragraph 5 of the Complaint.

6.      Intel admits that the Complaint purports to be an action for patent infringement, but denies that Intel has infringed any claim of the Patents-in-Suit and denies that Plaintiff is entitled to any relief from Intel.  Except as expressly admitted, Intel denies any remaining allegations set forth in paragraph 6 of the Complaint.

## Parties

7.      Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 and therefore denies them.  With respect to the allegation that "Plaintiff MOSAID's United States principal place of business is located at 101 E. Park Blvd., Suite 600, Plano, Texas," Intel states on information and belief that the entity doing business at that address is not the Plaintiff in this case.

8.      Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 and therefore denies them.

9.      Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 and therefore denies them.

10.      Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 and therefore denies them.

11.      Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 and therefore denies them.

12.      Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 and therefore denies them.

13.      Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 and therefore denies them.

14.      Intel is without knowledge or information sufficient to form a belief as to the truth

of the allegations set forth in paragraph 14 and therefore denies them.

15.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 and therefore denies them.

16.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 and therefore denies them.

17.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 and therefore denies them.

18.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 and therefore denies them.

19.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 and therefore denies them.

20.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 and therefore denies them.

21.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 and therefore denies them.

22.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 and therefore denies them.

23.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 and therefore denies them.

24.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 and therefore denies them.

25.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 and therefore denies them.

26.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 and therefore denies them.

27.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 and therefore denies them.

28.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 and therefore denies them.

29.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 and therefore denies them.

30.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 and therefore denies them.

31.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 and therefore denies them.

32.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 and therefore denies them.

33.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 and therefore denies them.

34.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 and therefore denies them.

35.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35 and therefore denies them.

36.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36 and therefore denies them.

37.     Intel is without knowledge or information sufficient to form a belief as to the truth

of the allegations set forth in paragraph 37 and therefore denies them.

38.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38 and therefore denies them.

39.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39 and therefore denies them.

40.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 40 and therefore denies them.

41.     Admitted.

42.     Intel admits that it designs, markets, uses manufactures, imports, sells, and/or offers for sale some products used and/or designed for use in personal computers and/or other products with wireless capability, but denies that such products are used or designed for use in routers or game consoles and on information and belief, denies that such products are used or designed for use in smart phones.  Intel further denies that it presently designs, markets, uses, manufactures, imports, sells, and/or offers for sale the Intel® PRO/Wireless 2011 LAN Access Point, Intel® PRO/Wireless 2011 LAN PC Card, Intel® PRO/Wireless 2200BG Network Connection, the Intel PRO/Wireless 2915ABG Network Connection, the Intel® PRO/Wireless 2011B LAN Access Point, or the Intel WiMax/WiFi Link 5350.  Intel admits that it designs, markets, uses, manufactures, imports, sells, and/or offers for sale the other products listed in paragraph 42 and that these listed products are used and/or designed for use in personal computers and/or other products, but denies that they are used and designed for use in routers, smart phones, or game consoles.  To the extent that paragraph 42 alleges any of the accused products is "compliant with the IEEE 802.11 standards," because Plaintiff fails to specify which product(s) are alleged to comply with what standard(s) and what mandatory or permissive

aspect(s) of said standard(s), Intel is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 42 and therefore denies them.

43.     Intel admits that it is doing business in the United States, including the Eastern District of Texas, and that it may be served with process by serving its registered agent in Dallas, Texas.  Intel denies that any Intel product infringes any claim of Patents-in-Suit.  Except as expressly admitted, Intel denies any remaining allegations set forth in paragraph 43.

44.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 44 and therefore denies them.

45.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 45 and therefore denies them.

46.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 46 and therefore denies them.

47.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 47 and therefore denies them.

48.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 48 and therefore denies them.

49.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 49 and therefore denies them.

50.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 50 and therefore denies them.

51.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 51 and therefore denies them.

52.     Intel is without knowledge or information sufficient to form a belief as to the truth

of the allegations set forth in paragraph 52 and therefore denies them.

53.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 53 and therefore denies them.

54.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 54 and therefore denies them.

55.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 55 and therefore denies them.

56.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 56 and therefore denies them.

57.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 57 and therefore denies them.

58.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 58 and therefore denies them.

## Jurisdiction and Venue

59.     Intel admits that the Complaint purports to be an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, but denies that Plaintiff is entitled to any relief.  No answer is required to the remaining allegations set forth in paragraph 59, which are merely conclusions of law.

60.     No answer is required to the allegations set forth in paragraph 60, which merely assert conclusions of law.

61.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 61 and therefore denies them.

62.     Intel is without knowledge or information sufficient to form a belief as to the truth

of the allegations set forth in paragraph 62 and therefore denies them.

63.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 63 and therefore denies them.

64.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 64 and therefore denies them.

65.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 65 and therefore denies them.

66.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 66 and therefore denies them.

67.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 67 and therefore denies them.

68.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 68 and therefore denies them.

69.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 69 and therefore denies them.

70.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 70 and therefore denies them.

71.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 71 and therefore denies them.

72.     Intel admits that this Court may exercise personal jurisdiction over it but denies that Intel has committed any acts of infringement in this judicial district, the State of Texas, or any judicial district or state.  Intel admits that it manufactures or assembles, directly and/or through third-party manufacturers, some of the devices listed in paragraph 42 and identified by

Plaintiff as "the Intel IEEE 802.11 devices," but on information and belief, denies that it has offered for sale, sold, purchased, and used such products within the Eastern District of Texas and denies that any such product infringes any claim of the Patents-in-Suit.  On information and belief, Intel further denies that it ships, distributes, offers for sale, sells, or advertises, either directly or through intermediaries (including distributors, retailers, or others), products and services in the Eastern District of Texas.  Intel denies that any Intel product or service falls within any claim of the Patents-in-Suit.  No answer is required to the allegations set forth in paragraph 72 that "Intel has established minimum contacts with the State of Texas," that "Intel has purposefully availed itself of the benefits of the State of Texas," and that "the exercise of jurisdiction over Intel would not offend traditional notions of fair play and substantial justice," which are merely conclusions of law.  Except as expressly admitted, Intel denies any remaining allegations set forth in paragraph 72.

73.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 73 and therefore denies them.

74.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 74 and therefore denies them.

75.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 75 and therefore denies them.

76.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 76 and therefore denies them.

77.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 77 and therefore denies them.

78.     Intel incorporates by reference its answers to the allegations of paragraphs 1

through 77 as if fully set forth herein.

79.     Intel admits that on July 14, 1992, the United States Patent and Trademark Office ("USPTO") issued the '006 patent entitled "Carrier Detection For A Wireless Local Area Network" and that Adriaan Kamerman and Hans van Diest are named as inventors of the '006 patent.  Intel is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 79 and therefore denies them.

80.     Intel admits that on September 29, 1992, the USPTO issued the '920 patent entitled "Radio LAN Station With Improved Frame Delimiter Detection In A Spread Spectrum Environment" and that Johannes P. N. Haagh, Hans van Diest, and Gerrit Smit are named as inventors of the '920 patent.  Intel is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 80 and therefore denies them.

81.     Intel admits that on June 6, 1995, the USPTO issued the '887 patent entitled "Medium Access Protocol For Wireless Local Area Network" and that Wilhelmus J. M. Diepstraten and Hendrik van Bokhorst are named as inventors of the '887 patent.  Intel is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 81 and therefore denies them.

82.     Intel admits that on January 6, 1998, the USPTO issued the '428 patent entitled "Multirate Wireless Data Communication System" and that Jan Boer, Wilhelmus Josephus Diepstraten, Adriaan Kamerman, Hendrik van Bokhorst, and Hans van Diest are named as inventors of the '428 patent.  Intel is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 82 and therefore denies them.

11

83.     Intel admits that on May 13, 2003, the USPTO issued the '786 patent entitled "Orthogonal Frequency Division Multiplexing System With Selectable Rate" and that Richard Van Nee is named as the inventor of the '786 patent.  Intel is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 83 and therefore denies them.

84.     Intel admits that on January 31, 2006, the USPTO issued the '972 patent entitled "Frequency Division Multiplexing System With Selectable Rate" and that Richard Van Nee is named as the inventor of the '972 patent.  Intel is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 84 and therefore denies them.

85.     Paragraph 85 does not require a response.

86.     Intel denies the allegations set forth in paragraph 86.

87.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 87 and therefore denies them.

88.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 88 and therefore denies them.

89.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 89 and therefore denies them.

90.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 90 and therefore denies them.

91.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 91 and therefore denies them.

92.     Intel is without knowledge or information sufficient to form a belief as to the truth

of the allegations set forth in paragraph 92 and therefore denies them.

93.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 93 and therefore denies them.

94.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 94 and therefore denies them.

95.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 95 and therefore denies them.

96.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 96 and therefore denies them.

97.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 97 and therefore denies them.

98.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 98 and therefore denies them.

99.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 99 and therefore denies them.

100.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 100 and therefore denies them.

101.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 101 and therefore denies them.

102.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 102 and therefore denies them.

103.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 103 and therefore denies them.

104.    Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 104 and therefore denies them.

105.    Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 105 and therefore denies them.

106.    Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 106 and therefore denies them.

107.    Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 107 and therefore denies them.

108.    Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 108 and therefore denies them.

109.    Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 109 and therefore denies them.

110.    Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 110 and therefore denies them.

111.    Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 111 and therefore denies them.

112.    Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 112 and therefore denies them.

113.    Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 113 and therefore denies them.

114.    Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 114 and therefore denies them.

115.    Intel is without knowledge or information sufficient to form a belief as to the truth

of the allegations set forth in paragraph 115 and therefore denies them.

116.    Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 116 and therefore denies them.

117.    Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 117 and therefore denies them.

118.    Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 118 and therefore denies them.

119.    Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 119 and therefore denies them.

120.    Intel admits that it makes, uses, sells, offers for sale, imports, and/or exports some of the devices identified by Plaintiff as "the Intel IEEE 802.11 devices," but denies that any of these devices infringe any valid and enforceable claim of the Patents-in-Suit under any theory of infringement.  Except as expressly admitted, Intel denies any remaining allegations set forth in paragraph 120.

121.    Because the term "provides" is vague and ambiguous, Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 121 and therefore denies them.  To the extent that the term "provides" includes "sells," Intel admits that it sells devices identified by Plaintiff as "the Intel IEEE 802.11 devices" to companies, but denies that it sells any such products to consultants or end-user customers and denies that any such product infringes any claim of the Patents-in-Suit.  Intel denies any remaining allegations set forth in paragraph 121.

122.    Intel denies the allegations set forth in paragraph 122.

123.    Intel is without knowledge or information sufficient to form a belief as to the truth

15

of the allegations set forth in paragraph 123 and therefore denies them.

124.    Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 124 and therefore denies them.

125.    Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 125 and therefore denies them.

126.    Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 126 and therefore denies them.

127.    Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 127 and therefore denies them.

128.    Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 128 and therefore denies them.

129.    Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 129 and therefore denies them.

130.    Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 130 and therefore denies them.

131.    Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 131 and therefore denies them.

132.    Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 132 and therefore denies them.

133.    Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 133 and therefore denies them.

134.    Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 134 and therefore denies them.

135.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 135 and therefore denies them.

136.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 136 and therefore denies them.

137.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 137 and therefore denies them.

138.     To the extent the allegations of paragraph 138 refer to Intel, Intel denies them. Intel further denies that it sells or offers to sell any accused products to consultants or end-user customers.  Intel is without knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph 138 to the extent they pertain to any other Defendant and therefore denies them.

139.     To the extent the allegations of paragraph 139 refer to Intel, Intel denies them. Intel is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 139 and therefore denies them.

140.     No answer is required to the allegations set forth in paragraph 140, which merely assert conclusions of law.  To the extent any answer is required and the allegations refer to Intel, Intel denies them.  Intel is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 140 and therefore denies them.

141.     To the extent the allegations refer to Intel, Intel denies them.  Intel is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 141 and therefore denies them.

## Demand for a jury trial

142.     Intel joins Plaintiff's request for a trial by jury on all issues so triable.

17

## Prayer

143.    Intel denies that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), Intel, without waiver, limitation, or prejudice, hereby asserts the following affirmative defenses:

### First Affirmative Defense

144.    Intel has not infringed and does not infringe any valid and enforceable claim of the Patents-in-Suit directly, either literally or under the doctrine of equivalents, or indirectly, either by inducement or contribution.

### Second Affirmative Defense

145.    One or more of the claims of each of the Patents-in-Suit are invalid for failure to comply with one or more of the requisite statutory and decisional requirements and/or conditions for patentability under Title 35 of the United States Code, including inter alia 35 U.S.C. §§ 101, 102, 103, and/or 112.

### Third Affirmative Defense

146.    Upon information and belief, Plaintiff is estopped from asserting that Intel infringes at least some of the claims of the Patents-in-Suit, including without limitation, under the doctrine of prosecution history estoppel.

### Fourth Affirmative Defense

147.    Plaintiff is not entitled to relief against Intel because Intel has a license to the Patents-in-Suit.

### Fifth Affirmative Defense

148.    The infringement allegations in the Complaint concerning the Patents-in-Suit are

18

barred in whole or in part under principles of equity, including laches, waiver, unclean hands, and/or estoppel.

## Sixth Affirmative Defense

149.    Upon information and belief, Plaintiffs' claims for relief and prayer for damages are limited by 35 U.S.C. §§ 286 and/or 287, and Plaintiffs are barred by 35 U.S.C. § 288 from recovering costs associated with their action.

## COUNTERCLAIMS

Pursuant to Federal Rule of Civil Procedure 13, Intel Corporation ("Intel" or "Counterclaimant") hereby asserts the following counterclaims against MOSAID Technologies Incorporated ("MOSAID" or "Counterclaim Defendant"):

## PARTIES

1.    Counterclaimant Intel is a Delaware corporation located at 2200 Mission College Boulevard, Santa Clara, California 95054.

2.    According to the allegations in the Complaint, Counterclaim Defendant MOSAID is a Canadian corporation with its principal place of business at 11 Hines Road, Suite 203, Ottawa, Ontario K2K 2X1.

## JURISDICTION AND VENUE

3.    The Court has jurisdiction over this counterclaim pursuant to the Federal Patent Act, 28 U.S.C. §§ 1338(a) and (b), 2201, 2202, and 28 U.S.C. §§ 1331, 1337.  The Court also has supplemental jurisdiction over the state law claims asserted in this Counterclaim under 28 U.S.C. § 1367 because the state and federal claims arise from a common nucleus of operative facts.

4.    MOSAID is subject to personal jurisdiction in this judicial district due to its filing of the Complaint.

19

5.     To the extent the Court finds venue to be proper in this judicial district for the resolution of MOSAID's claims, venue would be proper pursuant to 28 U.S.C. §§ 1391 and 1400(b) to resolve Intel's counterclaims.

## FACTUAL ALLEGATIONS

## MOSAID's Infringement Allegations

6.     MOSAID has sued Intel in the present litigation, alleging infringement by Intel of the Patents-in-Suit.

7.     MOSAID, in the Complaint, purports to be the owner of all rights, title, and interest in each of the Patents-in-Suit.

8.     Intel denies infringement of any of the Patents-in-Suit and denies that each of the Patents-in-Suit is valid and enforceable against Intel.

9.     An actual and justiciable controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 exists between MOSAID and Intel with respect to the infringement, validity, enforceability, and licensing of the Patents-in-Suit.

## WLAN and 802.11

10.     Wireless Local Area Networks ("WLAN") provide wireless access to the Internet over short distances.  In a WLAN, an access point – or router – communicates with user devices such as personal computers ("PCs"), netbooks, tablets, or smartphones, and provides a connection for those devices to the Internet.

11.     802.11 is a high-speed WLAN technology.  802.11 technology allows users to connect their computers or other devices to the Internet and to achieve high-speed data transmission on that connection.  (The terms "Wi-Fi" and "802.11" are often used interchangeably.  These Counterclaims will use the term "802.11.")

12.     Intel designs, manufactures, and sells products that support 802.11 functions. Intel's customers include PC original equipment manufacturers ("OEMs"), including OEMs such as co-defendants Dell and Asus, as well as distributors and contract manufacturers.

13.     802.11 capability is included in or with an ever-increasing number of consumer devices, including desktop and notebook PCs, netbooks, tablets, smartphones, gaming consoles, cameras, televisions, video recorders, printers, and television set-top boxes.  Over 1.1 billion 802.11 enabled devices shipped worldwide in 2011.  This number is expected to increase to over 3.5 billion by 2014.

14.     802.11 technology is based on a set of technical standards developed by the IEEE, and specifically through the 802.11 working group, which was formed in September 1990.  The 802.11 standard governs how the devices in the network interact with one another and, ultimately, how the consumer's computer achieves and maintains a high-speed Internet connection.

15.     In 1997, the 802.11 working group published its first standard, known as the "802.11 legacy" standard.  Since then, the 802.11 working group has promulgated four generations of the 802.11 standard that have been commercialized:  802.11a; 802.11b; 802.11g; and 802.11n.

### The Benefits of Standards, Including 802.11

16.     Standards like 802.11 can bring significant benefits to industry and consumers alike.  Standards facilitate interoperability of devices within a network – the standard serves as a source of common technical specification around which different companies design and build their products.  Once a standard is set, different service providers, designers, and manufacturers can create and offer products that operate using the common standard.  Standards thus promote

investment and innovation in new products, reduce costs, and stimulate demand.

## The Patent "Hold-Up" Problem in Standard Setting

17.    Standards may incorporate multiple technologies that patent holders assert are covered by one or more patents.  The 802.11 standard is no exception:  hundreds of patents have been declared essential to 802.11.

18.    Before standardization, alternative technologies compete to perform a given function, and this competition constrains the royalties that patent owners can obtain for a license to a patent that covers – or allegedly covers – a particular feature or function.  If the patent holder demands unreasonable terms, a different, substitute technology may be used.

19.    If a feature or function that is covered by a patent is included in a standard, and the covered feature or function is required for implementation there is a risk that the patent holder may be able to extract royalties or other compensation for the patent that are unrelated to – and far in excess of – the actual value of the patented technology.  In essence, the patent holder is able to seek exorbitant compensation based on the fact that the technology purportedly covered by its patents has been standardized and the industry and standard implementers are locked in – not based on the intrinsic value of its technology.

20.    Using a declared-essential patent to demand excessive royalties, to threaten an injunction, or otherwise to demand improper terms is known as "patent hold up."  A patent holder can engage in hold up because asserting standards-essential patent places enormous pressure on manufacturers and sellers of devices that support the standard to capitulate and take a license on unreasonable terms.

## The IEEE Intellectual Property Rights Policy

21.    The IEEE's Standards Association ("IEEE-SA"), like other standards bodies, has

22

adopted policies designed to reduce or eliminate the risk of patent hold-up.

22.     The IEEE-SA recognizes that patented technology may be included in an 802.11 standard.  At the same time, the IEEE-SA seeks to "produce standards that any willing implementer can use and that will become widely adopted."  To achieve this objective and address the potential for patent hold-up, the IEEE-SA has established an intellectual property rights ("IPR") policy, which consists of rules and procedures to constrain the hold-up power its standards may confer on owners of declared-essential patents.  The IPR policy is contained in the IEEE-SA's Bylaws.

23.     Among other elements, the IEEE-SA's IPR policy – both historically and currently – requires participants in the IEEE standard-setting process to submit a "Letter of Assurance" if they believe that they have one or more patents that is essential to practicing the standard.  Under the IEEE-SA Bylaws, the Letter of Assurance may contain a commitment that the patent holder will license the allegedly standard-essential patent to any person implementing the standard, and do so "under reasonable rates, with reasonable terms and conditions that are demonstrably free of any unfair discrimination."  This is known as a "RAND" commitment.

24.     If a participant declares that it has allegedly essential patents but is unwilling to offer a RAND license, the working group is required to revise the standard so that compliance can be achieved without infringing the patent(s), or discontinue work on the standard.

25.     Participants in the IEEE-SA (and implementers of the IEEE standards, including 802.11) rely on these policies and practices – and the RAND contractual undertaking in particular – to ensure that patent holders will not hinder the widespread adoption of the 802.11 standard by seeking to extract unreasonable or discriminatory royalties and terms from those implementing the standards.

26.     The RAND commitment grants implementers the right to a license to practice declared-essential patents, and precludes parties that make RAND commitments from making unreasonable or discriminatory licensing demands.  The IEEE has emphasized that RAND commitments "must be durable for the standards development to work."  To this end, the Letters of Assurance are irrevocable once accepted by the IEEE, apply from when the standard is approved until the standard is withdrawn, and apply to future iterations of the same family of standards.

27.     The IEEE-SA's IPR policy was designed and intended to benefit the IEEE, all IEEE members, members of the IEEE-SA, the public, and any party that implements an IEEE standard.

**MOSAID's Obligation to Offer a RAND License to the Patents-In-Suit**

28.     MOSAID's predecessors-in-interest, Lucent Technologies Inc. ("Lucent") and Agere Systems, Inc. ("Agere") (hereafter, collectively, "Predecessors-in-Interest") participated in developing parts of the 802.11 standard through membership in 802.11 working groups.

29.     Between December 18, 1996, and February 13, 2007, MOSAID's Predecessors-in-Interest submitted numerous Letters of Assurance in connection with the 802.11 standard. The Letters of Assurance committed to license 802.11 essential patents—including the Patents-in-Suit—on RAND terms.

30.     Moreover, in connection with statements made during standards setting for so-called VDCF technology, MOSAID's Predecessors-in-Interest clarified that for the '887 patent, the RAND terms would include a royalty free license.

31.     These Letters of Assurance are binding contractual commitments made to and for the benefit of the IEEE, members of the IEEE and the IEEE-SA (including Intel), and designers,

manufacturers, and sellers of products that support the 802.11 wireless standard (also including Intel).  MOSAID is bound by the RAND commitments undertaken by its Predecessors-in-Interest with respect to each Patent-in-Suit.   Indeed, MOSAID has said that these commitments "follow[] the patents" and has agreed to be bound by them.

32.     Absent those commitments, the 802.11 working group would have chosen alternatives to technology that MOSAID now claims is covered by the Patents-in-Suit.  Those alternatives would have included choosing alternative technology to perform the functions allegedly covered by the Patents-in-Suit or omitting from the standard altogether the functions performed by that technology.

33.     Under the IEEE-SA IPR policy, 802.11 participants and third parties are entitled to rely on and benefit from these commitments.

34.     At a minimum, under the circumstances here, MOSAID's RAND obligation requires it (i) to offer RAND licenses to any applicant, (ii) to agree to a reasonable royalty that reflects the intrinsic, "*ex ante*" value of the technology before its adoption as part of the standard, not the "hold-up" value conferred by the patent's inclusion (or alleged inclusion) in the 802.11 standard, and (iii) to forego any claim to an injunction.

**MOSAID Breached Its RAND Obligations to Intel**

35.     Intel is already licensed to each Patent-in-Suit, as explained elsewhere in this pleading.  But to the extent that MOSAID contends that Intel is not already licensed to any Patent-in-Suit, then MOSAID was, and remains, obligated to offer RAND terms to Intel and to license Intel on RAND terms.  MOSAID has failed to offer RAND terms to Intel.

36.     Instead, willfully disregarding the commitments that its Predecessors-in-Interest made to the IEEE, and that MOSAID itself has made, MOSAID has failed to offer a RAND

license for the Patents-in-Suit and has sought an injunction against Intel and its customers.

37.     MOSAID's conduct toward Intel and its customers breaches its RAND obligations to Intel.

## MOSAID's Breach Has Injured Intel

38.     MOSAID's breach has harmed Intel by introducing uncertainty regarding Intel's 802.11 products with Intel's customers, specifically Dell and Asus, which face lawsuits over the Patents-in-Suit and the threat of an injunction preventing use of 802.11 technology in their products.

39.     Intel has been forced to expend resources resolving this dispute, including MOSAID's threat to enjoin Intel and its customers.

40.     If MOSAID is successful in coercing excessive, non-RAND royalties or other license terms from Intel or Intel's customers, that license would increase the cost to Intel of manufacturing and selling 802.11 products, harming Intel and putting it at a competitive disadvantage.

41.     Additionally, MOSAID's conduct, if successful, threatens to undermine confidence among participants in the standards setting process and among manufacturers, sellers, and consumers of products that implement standards, including without limitation 802.11.

## FIRST COUNTERCLAIM

### Declaratory Judgment of Non-Infringement of the '006 Patent

42.     Intel incorporates the allegations contained in paragraphs 1-41 of its Counterclaims as if fully set forth herein.

43.     Intel is not infringing and has not infringed, directly or indirectly, any claim of the '006 patent under any theory of infringement.

44.     To resolve the legal and factual questions raised by MOSAID and to afford relief from the uncertainty and controversy which MOSAID's accusations have precipitated, Intel is entitled to a judicial declaration pursuant to 28 U.S.C. § 2201 that it has not infringed and does not infringe, directly or indirectly, any valid, enforceable claim of the '006 patent either literally or under the doctrine of equivalents.

## SECOND COUNTERCLAIM

### Declaratory Judgment of Invalidity of the '006 Patent

45.     Intel incorporates the allegations contained in paragraphs 1-41 of its Counterclaims as if fully set forth herein.

46.     The claims of the '006 patent are invalid for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability under Title 35 of the United States Code, including *inter alia* 35 U.S.C. §§ 101, 102, 103, and/or 112.

47.     To resolve the legal and factual questions raised by MOSAID and to afford relief from the uncertainty and controversy which MOSAID's accusations have precipitated, Intel is entitled to a judicial declaration pursuant to 28 U.S.C. § 2201 that the claims of the '006 patent are invalid.

## THIRD COUNTERCLAIM

### Declaratory Judgment of Non-Infringement of the '920 Patent

48.     Intel incorporates the allegations contained in paragraphs 1-41 of its Counterclaims as if fully set forth herein.

49.     Intel is not infringing and has not infringed, directly or indirectly, any claim of the '920 patent under any theory of infringement.

50.     To resolve the legal and factual questions raised by MOSAID and to afford relief from the uncertainty and controversy which MOSAID's accusations have precipitated, Intel is

entitled to a judicial declaration pursuant to 28 U.S.C. § 2201 that it has not infringed and does

not infringe, directly or indirectly, any valid, enforceable claim of the '920 patent either literally

or under the doctrine of equivalents.

## FOURTH COUNTERCLAIM

### Declaratory Judgment of Invalidity of the '920 Patent

51.     Intel incorporates the allegations contained in paragraphs 1-41 of its

Counterclaims as if fully set forth herein.

52.     The claims of the '920 patent are invalid for failing to meet one or more of the

requisite statutory and decisional requirements and/or conditions for patentability under Title 35

of the United States Code, including *inter alia* 35 U.S.C. §§ 101, 102, 103, and/or 112.

53.     To resolve the legal and factual questions raised by MOSAID and to afford relief

from the uncertainty and controversy which MOSAID's accusations have precipitated, Intel is

entitled to a judicial declaration pursuant to 28 U.S.C. § 2201 that the claims of the '920 patent

are invalid.

## FIFTH COUNTERCLAIM

### Declaratory Judgment of Non-Infringement of the '887 Patent

54.     Intel incorporates the allegations contained in paragraphs 1-41 of its

Counterclaims as if fully set forth herein.

55.     Intel is not infringing and has not infringed, directly or indirectly, any claim of the

'887 patent under any theory of infringement.

56.     To resolve the legal and factual questions raised by MOSAID and to afford relief

from the uncertainty and controversy which MOSAID's accusations have precipitated, Intel is

entitled to a judicial declaration pursuant to 28 U.S.C. § 2201 that it has not infringed and does

not infringe, directly or indirectly, any valid, enforceable claim of the '887 patent either literally

or under the doctrine of equivalents.

## SIXTH COUNTERCLAIM

### Declaratory Judgment of Invalidity of the '887 Patent

57.     Intel incorporates the allegations contained in paragraphs 1-41 of its

Counterclaims as if fully set forth herein.

58.     The claims of the '887 patent are invalid for failing to meet one or more of the

requisite statutory and decisional requirements and/or conditions for patentability under Title 35

of the United States Code, including *inter alia* 35 U.S.C. §§ 101, 102, 103, and/or 112.

59.     To resolve the legal and factual questions raised by MOSAID and to afford relief

from the uncertainty and controversy which MOSAID's accusations have precipitated, Intel is

entitled to a judicial declaration pursuant to 28 U.S.C. § 2201 that the claims of the '887 patent

are invalid.

## SEVENTH COUNTERCLAIM

### Declaratory Judgment of Non-Infringement of the '428 Patent

60.     Intel incorporates the allegations contained in paragraphs 1-41 of its

Counterclaims as if fully set forth herein.

61.     Intel is not infringing and has not infringed, directly or indirectly, any claim of the

'428 patent under any theory of infringement.

62.     To resolve the legal and factual questions raised by MOSAID and to afford relief

from the uncertainty and controversy which MOSAID's accusations have precipitated, Intel is

entitled to a judicial declaration pursuant to 28 U.S.C. § 2201 that it has not infringed and does

not infringe, directly or indirectly, any valid, enforceable claim of the '428 patent either literally

or under the doctrine of equivalents.

## EIGHTH COUNTERCLAIM

### Declaratory Judgment of Invalidity of the '428 Patent

63.     Intel incorporates the allegations contained in paragraphs 1-41 of its

Counterclaims as if fully set forth herein.

64.     The claims of the '428 patent are invalid for failing to meet one or more of the

requisite statutory and decisional requirements and/or conditions for patentability under Title 35

of the United States Code, including *inter alia* 35 U.S.C. §§ 101, 102, 103, and/or 112.

65.     To resolve the legal and factual questions raised by MOSAID and to afford relief

from the uncertainty and controversy which MOSAID's accusations have precipitated, Intel is

entitled to a judicial declaration pursuant to 28 U.S.C. § 2201 that the claims of the '428 patent

are invalid.

## NINTH COUNTERCLAIM

### Declaratory Judgment of Non-Infringement of the '786 Patent

66.     Intel incorporates the allegations contained in paragraphs 1-41 of its

Counterclaims as if fully set forth herein.

67.     Intel is not infringing and has not infringed, directly or indirectly, any claim of the

'786 patent under any theory of infringement.

68.     To resolve the legal and factual questions raised by MOSAID and to afford relief

from the uncertainty and controversy which MOSAID's accusations have precipitated, Intel is

entitled to a judicial declaration pursuant to 28 U.S.C. § 2201 that it has not infringed and does

not infringe, directly or indirectly, any valid, enforceable claim of the '786 patent either literally

or under the doctrine of equivalents.

## TENTH COUNTERCLAIM

### Declaratory Judgment of Invalidity of the '786 Patent

69.     Intel incorporates the allegations contained in paragraphs 1-41 of its Counterclaims as if fully set forth herein.

70.     The claims of the '786 patent are invalid for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability under Title 35 of the United States Code, including *inter alia* 35 U.S.C. §§ 101, 102, 103, and/or 112.

71.     To resolve the legal and factual questions raised by MOSAID and to afford relief from the uncertainty and controversy which MOSAID's accusations have precipitated, Intel is entitled to a judicial declaration pursuant to 28 U.S.C. § 2201 that the claims of the '786 patent are invalid.

## ELEVENTH COUNTERCLAIM

### Declaratory Judgment of Non-Infringement of the '972 Patent

72.     Intel incorporates the allegations contained in paragraphs 1-41 of its Counterclaims as if fully set forth herein.

73.     Intel is not infringing and has not infringed, directly or indirectly, any claim of the '972 patent under any theory of infringement.

74.     To resolve the legal and factual questions raised by MOSAID and to afford relief from the uncertainty and controversy which MOSAID's accusations have precipitated, Intel is entitled to a judicial declaration pursuant to 28 U.S.C. § 2201 that it has not infringed and does not infringe, directly or indirectly, any valid, enforceable claim of the '972 patent either literally or under the doctrine of equivalents.

## TWELFTH COUNTERCLAIM

### Declaratory Judgment of Invalidity of the '972 Patent

75.     Intel incorporates the allegations contained in paragraphs 1-41 of its Counterclaims as if fully set forth herein.

76.     The claims of the '972 patent are invalid for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability under Title 35 of the United States Code, including *inter alia* 35 U.S.C. §§ 101, 102, 103, and/or 112.

77.     To resolve the legal and factual questions raised by MOSAID and to afford relief from the uncertainty and controversy which MOSAID's accusations have precipitated, Intel is entitled to a judicial declaration pursuant to 28 U.S.C. § 2201 that the claims of the '972 patent are invalid.

## THIRTEENTH COUNTERCLAIM

### Declaratory Judgment That the Lucent-Intel License Bars This Action

78.     Intel incorporates the allegations contained in paragraphs 1-41 of its Counterclaims as if fully set forth herein.

79.     Intel has a license to practice the Patents-in-Suit pursuant to a patent license agreement between Intel and Lucent Technologies GRL Corporation ("Lucent").

80.     To resolve the legal and factual questions raised by MOSAID and to afford relief from the uncertainty and controversy which MOSAID's accusations have precipitated, Intel is entitled to a judicial declaration pursuant to 28 U.S.C. § 2201 that Intel holds a valid and enforceable license to the Patents-in-Suit from Lucent and that this action is therefore barred.

## FOURTEENTH COUNTERCLAIM

### Declaratory Judgment That the LSI-Intel License Bars This Action

81.     Intel incorporates the allegations contained in paragraphs 1-41 of its

Counterclaims as if fully set forth herein.

82.     Intel has a license to practice the Patents-in-Suit pursuant to a patent license agreement between LSI Logic Corporation ("LSI") and Intel.

83.     To resolve the legal and factual questions raised by MOSAID and to afford relief from the uncertainty and controversy which MOSAID's accusations have precipitated, Intel is entitled to a judicial declaration pursuant to 28 U.S.C. § 2201 that Intel holds a valid and enforceable license to the Patents-in-Suit from LSI and that this action is therefore barred.

## FIFTEENTH COUNTERCLAIM

### Breach of Contract

84.     Intel incorporates and realleges the allegations contained in paragraphs 1-41 as if set forth fully herein.

85.     Because MOSAID's Predecessors-in-Interest committed to license the Patents-in-Suit on RAND terms, they entered into contractual commitments with the IEEE, the IEEE-SA's members (including Intel), and indeed any applicant for a license.  MOSAID is bound by those commitments.  As set forth above, MOSAID has itself stated that it is bound.

86.     Because Intel is a member of the IEEE-SA, MOSAID has breached its commitment to Intel.  Alternatively, Intel is an intended third-party beneficiary of MOSAID's commitment, and is entitled to the benefits of MOSAID's contractual commitment.

87.     MOSAID has breached that commitment in at least the following ways: (i) seeking to enforce the Patents-in-Suit without offering RAND terms, and (ii) seeking an injunction against Intel and its customers.

88.     As a result of MOSAID's breach, Intel has been injured, including in its business and property.  MOSAID's breach has harmed Intel by (i) introducing uncertainty regarding Intel's 802.11 products with Intel's customers, specifically Dell and Asus, which face lawsuits

over the Patents-in-Suit and threatened injunctions preventing use of 802.11 technology in their products; and (ii) forcing Intel to expend resources resolving this dispute, including MOSAID's threat to enjoin Intel and its customers, and addressing indemnity demands by its customers. Additionally, if MOSAID is successful in coercing an excessive, non-RAND royalty and license from Intel or Intel's customers, such license would harm Intel by increasing the cost to Intel of manufacturing and selling 802.11 products, harming Intel and putting it at a competitive disadvantage.

## SIXTEENTH CAUSE OF ACTION

### Declaratory Judgment That MOSAID Has Violated its RAND Obligations and Is Not Entitled to Injunctive Relief

89.    Intel incorporates and realleges the allegations contained in paragraphs 1-41 as if set forth fully herein.

90.    There is a dispute between the parties as to MOSAID's RAND obligations with respect to the Patents-in-Suit.  In this suit, MOSAID has not offered RAND terms to Intel and has sought injunctive relief against Intel and Intel's customers.

91.    MOSAID's conduct violates its commitment and obligation to negotiate in good faith, to make a RAND compliant offer to Intel, and to license the Patents-in-Suit on RAND terms in the event that the Patents-in-Suit are valid, infringed, and not already licensed.

92.    The dispute is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

93.    Intel is entitled to a declaratory judgment that MOSAID is obligated to make a RAND compliant offer to Intel, is not entitled to seek or obtain injunctive relief in the enforcement of the Patents-in-Suit, and is obligated to provide a license under RAND terms for any valid and infringed Patent-in-Suit to which Intel is not already licensed.

34

# PRAYER FOR RELIEF

WHEREFORE, Intel requests that the Court enter judgment in its favor and grant relief as follows:

(a)     That MOSAID recover nothing and that its Complaint be dismissed with prejudice;

(b)     That the Court enter judgment against MOSAID and in favor of Intel;

(c)     That the Court declare that Intel has not infringed and does not infringe, directly or indirectly, any claim of the Patents-in-Suit;

(d)     That the Court declare that the claims of the Patents-in-Suit are invalid;

(e)     That the Court declare that the Patents-in-Suit are unenforceable;

(f)     That the Court declare that Intel holds a valid and enforceable license to the Patents-in-Suit and that this action is therefore barred;

(g)     That the Court declare that Patents-in-Suit are unenforceable due to waiver, unclean hands, and/or estoppel;

(h)     That the Court enter a judgment against MOSAID for breach of contract;

(i)     That the Court enter a judgment that MOSAID has not offered RAND terms to Intel;

(j)     That the Court enter a judgment declaring MOSAID's Patents-in-Suit unenforceable due to MOSAID's breach of its RAND obligations, or in the alternative ordering specific performance of MOSAID's RAND obligations, including, (i) requiring MOSAID to withdraw its request for an injunction, (ii) ordering MOSAID to make a RAND compliant licensing offer for any Patent-in-Suit to which MOSAID believes Intel is not already licensed, (iii) ordering that MOSAID is obligated to provide a license under RAND terms for any valid and infringed Patent-in-Suit to which Intel is not already licensed, and (iv) ordering that

35

MOSAID must make a RAND compliant licensing offer and provide a license under RAND terms for any valid patent in its portfolio which is subject to a RAND commitment and to which MOSAID believes that Intel is not already licensed.

(k)     That the Court strike MOSAID's claims for injunctive relief;

(l)     That the Court enter a judgment against MOSAID for the amount of damages Intel proves at trial;

(m)     That the Court find this case to be exceptional pursuant to 35 U.S.C. § 285, among other statutes, and award Intel its costs (including expert fees), expenses and reasonable attorney's fees in this action; and

(n)     That the Court grant such other and further relief as the Court deems just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Federal Rule of Civil Procedure 38(b), Intel requests a jury trial of any issues that may be tried to a jury.

Dated:  January 25, 2013                         Respectfully submitted,


*/s/ Harry L. Gillam, Jr.*
Harry L. Gillam, Jr.
State Bar No. 07921800
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone:  (903) 934-8450
Facsimile:  (903) 934-9257
gil@gillamsmithlaw.com

*ATTORNEY FOR DEFENDANT INTEL CORPORATION*

*Of Counsel:*

William F. Lee
Michael J. Summersgill
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA  02109
Tel:  (617) 526-6000

James L. Quarles III
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue, NW
Washington, D.C. 20006
Tel:  (202) 663-6000

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically on January 25, 2013 in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by facsimile on this same date.

*/s/ Harry L. Gillam, Jr.*