**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

MOSAID Technologies Incorporated,

    Plaintiff,

                                    Civil Action No.
                                    2:11-cv-00179

          v.                        **JURY TRIAL DEMANDED**

Dell, Inc. et al.,

    Defendants.

**MOSAID TECHNOLOGIES INCORPORATED'S REPLY BRIEF IN SUPPORT
OF OBJECTIONS TO, AND MOTION FOR RECONSIDERATION
OF MAGISTRATE JUDGE'S MEMORANDUM OPINION AND ORDER**

Defendants' Opposition (Dkt. No. 543) is notable for what it does not say. Defendants do not, and cannot, refute the key points raised by MOSAID showing that the Court should modify the constructions of the primary claim terms addressed by MOSAID—"plurality of signaling modes," "first [second] receiving means," and "delaying transmission of a third data frame from the first station during a second time period." MOSAID's objections and motion for reconsideration should be granted for the reasons explained by MOSAID in its opening brief.

A.  **The Court Should Modify The "Plurality Of Signaling Modes" Construction**

   1.  <u>The Magistrate Judge's construction incorrectly refers to a "symbol rate"</u>

Defendants do not dispute the fact that the phrase "at a symbol rate," which neither party suggested in its proposed claim construction, is not found anywhere in the patent specification. Mot. (Dkt. No. 539) at 3. As a result, Defendants cannot offer any language from the specification showing that the patentee restricted "signaling mode" to mean "an OFDM symbol transmission ***at a symbol rate***," as the Magistrate Judge determined. *See id.* (emphasis added). Defendants cannot identify any words of "manifest exclusion," as required under the case law. *See id.* at 4 (citing *E-Pass Techs., Inc. v. 3 Com Corp.*, 343 F.3d 1364, 1369 (Fed. Cir. 2003)). Nor do Defendants offer any language supporting the statement in the Order that "[t]he specification also indicates that 'mode' refers to a symbol rate." *See id.* at 3 (citing Order at 17).

Defendants similarly fail to dispute the point that "symbol period" is never used in the patent specification. Therefore, to the extent that the Order's unsupported restriction of a signaling mode to a transmission "at a symbol rate" depended upon the "symbol period" discussion in the Order, Defendants cannot provide any support for the "symbol period" discussion. Although the Order refers to a "symbol period of duration KT," Defendants do not dispute that the reference in the Order is incorrect because the patent states that KT is the

1

duration of the *symbol*, not a "symbol period." *See* Mot. at 4 (citing '786 Patent at 4:55-56 (claim 1)). A symbol period is not necessarily equal to the duration of a symbol. *See id.*

Given the lack of support for "at a symbol rate," Defendants instead attempt to argue a point that is not even at issue. Defendants assert several times that the "invention" provides different signaling modes that have "***different*** rates of transmission" including a "fallback rate." *See* Oppn. at 2. But that is a different issue, which was previously raised by Defendants and rejected by the Magistrate Judge. *See* Mot. at 3; Order at 16. The Defendants did not object to, or seek reconsideration of, the Magistrate Judge's denial of their "different rate" or "fallback rate" argument, so it is not at issue. Instead, the issue is the incorrect definition of a signaling mode to be "an OFDM symbol transmission ***at a symbol rate***."

For the foregoing reasons, MOSAID respectfully requests that the Court reject the "at a symbol rate" limitation and instead adopt MOSAID's proposed construction—"one of a plurality of OFDM transmission modes"—the same construction adopted in *Agere Systems Inc. v. Broadcom Corp.*, Civ. No. 03-cv-3138-BMS, 2004 U.S. Dist. LEXIS 14187, *39 (E.D. Pa. July 20, 2004). *See* Mot. at 2.

### 2. The Magistrate Judge made an unsupported and factually incorrect conclusion regarding "a frame's preamble and its payload"

The Magistrate Judge's statement that an OFDM transmission of a frame's preamble and its payload do not constitute "a plurality of signaling modes"—which was not included in the Exhibit A chart attached to the Order—is based on, and depends upon, the improper inclusion of the "at a symbol rate" limitation. Mot. at 5. This point is not contested by Defendants. Defendants also do not contest the fact that the patent never uses the word "preamble" or "payload," nor does the patent define a "frame." *Id.* Nor do Defendants contest that the "preamble and its payload" issue was tied to a prosecution history disclaimer argument that was

*rejected* by the Magistrate Judge. *Id.* The "preamble and its payload" restriction is unsupportable; consequently, no party's proposed claim construction included such language.

Defendants fail to identify any language from the patent specification that could remotely be read to exclude transmission of a frame's preamble and payload from constituting a plurality of signaling modes. Defendants refer primarily to a European prosecution history response, but Defendants notably do not quote that response as referring to a "preamble." Oppn. at 3 (referring to Dkt. No. 485-3). That is because the portion of the response they identify does not reference a preamble or a payload. *See* Dkt. No. 485-3 at 1. The intrinsic record simply does not support the preamble or payload restriction.[1] On the other hand, MOSAID identified a portion of the specification that *does* teach the changing of duration of individual symbols, and thus would provide support for the transmission of a preamble and payload as constituting a plurality of signaling modes, even under the Court's construction of this term. *See* Mot. at 6. Again, Defendants do not provide any rebuttal of this point.

MOSAID respectfully requests that the Court strike the language regarding the potential application of the claims to a preamble or payload because the Court's factual conclusion is incorrect, unsupported and, at a minimum, is not properly addressed in a claim construction opinion as opposed to an infringement analysis on a full factual record. *See* Mot. at 6-7 (citing case law).

---

[1] Defendants refer again in footnote to a separate prosecution history and their "fallback rates" argument. Oppn. at 4, n.3. But these arguments were rejected by the Magistrate Judge and do not support their argument regarding the "preamble" or "payload" point currently at issue.

B.  **The Court Should Modify The Construction Of "First [Second] Receiving Means" Because The Magistrate Judge's Construction Depends Upon An Improper Identification of the Recited Function**

The thrust of MOSAID's argument is that the Magistrate Judge's identification of corresponding structure for this means-plus-function claim term depends upon an incorrect identification of the recited function—"detecting"—that neither is listed as the function in the Exhibit A to the Order nor is found in the claim language. Mot. at 7-8. Defendants ignore this crucial point, and indeed do not even use the word "detecting" in their opposition. *See* Oppn. at 5-6. That is because there is simply no basis to use a "detecting" function to identify the corresponding structure.

Defendants misrepresent MOSAID's argument as allegedly requiring the function to be "de-spreading." Oppn. at 6. This is not what MOSAID argued. MOSAID pointed out the undisputed fact that MOSAID, Defendants, and the Magistrate Judge (in Exhibit A) agreed that the claimed function is just what the claim states: "[r]eceiving data [non-data] signals transmitted in said spread spectrum signal." Mot. at 7. It is undisputed that signals that have passed through the correlator are no longer transmitted in a spread spectrum signal because the correlators "'de-spread' the received spread spectrum signal." *Id.* at 8 (citing '920 Pat. at 4:63-64). Accordingly, structures downstream of the correlator, such as the DQPSK receiver with respect to the "first receiving means" or the non-data detection circuit with respect to the "second receiving means," cannot be corresponding structure because they do not receive signals "*transmitted in said spread spectrum signal.*"

Defendants have no effective rebuttal to these key points, which compel the conclusion that the Order incorrectly includes the DQPSK receiver 215 and the non-data detection 210 in the listing of corresponding structure. MOSAID respectfully requests that the Court amend the

claim construction to remove such structure which does not correspond to the claimed function.

### C. The Court Should Modify The Magistrate Judge's Construction Of "Delaying Transmission Of A Third Data Frame From The First Station During A Second Time Period"

The extraneous phrase "after every transmission" should not be included in the Court's construction. The asserted claim at issue recites a method with three steps but does not include any requirement that the recited delay occur "after every transmission." Mot. at 9. Defendants recite the Magistrate Judge's conclusion that "'after every transmission' is an important and necessary aspect to realizing the objective of shared access of a WLAN," but they do not provide any patent specification support for this statement. Oppn. at 9. Nor does the Order identify any such support. Mot. at 9.

Defendants block quote a portion of the specification which does not compel an "after every transmission" limitation. The specification states that the "intent of the invention" is to "prevent one station, such as the server, from dominating the network, while in addition reducing the collision probability." Oppn. at 8 (citing '887 Pat. at 9:62-67). The next sentence states that "[b]y forcing a TxGAP silence period after every transmission, the dominant station problem is prevented," but it does not state that the "intent of the invention" is to require that particular type of delay to occur after each and every transmission. *Id.* The patent specification does not use words of "manifest exclusion" requiring the claims to be rewritten to include an "after every transmission" limitation. *E-Pass*, 343 F.3d at 1369.

For the foregoing reasons, MOSAID respectfully requests that the Court modify the claim construction accordingly. For the remaining claim terms, MOSAID respectfully refers the Court to the objections stated in MOSAID's opening brief.

5

DATED: May 31, 2013

                      Respectfully submitted,

By: */s/ Theodore Stevenson, III*

    THEODORE STEVENSON, III, LEAD ATTORNEY
      Texas State Bar No. 19196650
      tstevenson@mckoolsmith.com
    DAVID SOCHIA
      Texas State Bar No. 00797470
      dsochia@mckoolsmith.com
    STEVEN CALLAHAN
      Texas State Bar No. 24053122
      scallahan@mckoolsmith.com
    **MCKOOL SMITH, P.C.**
    300 Crescent Court, Suite 1500
    Dallas, Texas 75201
    Telephone: (214) 978-4000
    Telecopier: (214) 978-4044

    JOHN M. SHUMAKER
      Texas State Bar No. 24033069
      jshumaker@mckoolsmith.com
    **MCKOOL SMITH, P.C.**
    300 W. 6th Street, Suite 1700
    Austin, Texas 78701
    Telephone: (512) 692-8700
    Telecopier: (512) 692-8744

    SAMUEL F. BAXTER
      Texas State Bar No. 01938000
      sbaxter@mckoolsmith.com
    **MCKOOL SMITH, P.C.**
    104 East Houston, Suite 300
    Marshall, Texas 75670
    Telephone: (903) 923-9001
    Telecopier: (903) 927-2622

    *Counsel for Plaintiff MOSAID Technologies Incorporated*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) on May 31, 2013.  As such, this document was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).

By: */s/ John Shumaker*
JOHN SHUMAKER