IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MOSAID TECHNOLOGIES INC. § | | |
| Plaintiff § | | |
| § | | |
| V. § | No. 2:11CV179 | |
| § | | |
| DELL INC., ET AL. § | | |
| Defendants § | | |

## MEMORANDUM OPINION AND ORDER

Before the Court are the following: MOSAID Technologies Incorporated's Objections to, and Motion for Reconsideration of, Magistrate Judge's Memorandum Opinion and Order (Dkt. No. 539) and Defendants' Opposition to MOSAID's Objections to, and Motion for Reconsideration of, Magistrate Judge's Memorandum Opinion and Order (Dkt. No. 543). The Court, having reviewed the relevant briefing, issues the following order.

On March 16, 2011, MOSAID Technologies Incorporated ("MOSAID") filed its original complaint for patent infringement against Dell, Inc.; Informatics Holdings, Inc. and Wasp Barcode Technologies, Ltd.; Huawei Technologies Co., Ltd., Huawei Technologies USA Inc., Huawei Device USA Inc., and Futurewei Technologies, Inc. (collectively, "Huawei"); Wistron Corporation, Wistron LLC, SMS Infocomm Corporation, Wistron Infocomm (Texas) Corporation, Wistron Infocomm Technology (America) Corporation, and Wistron NeWeb Corporation; Lexmark International, Inc.; Canon Inc. and Canon U.S.A., Inc.; Intel Corporation; Atheros Communications, Inc.; Marvell Semiconductor, Inc.; and Ralink Technology Corporation, among others (collectively, "Defendants"). MOSAID alleges Defendants infringe

1

U.S. Patent Nos. 6,563,786 ("'786 patent"); 6,992,972 ("'972 patent"); 5,151,920 ("'920 patent"); 5,131,006 ("'006 patent"); 5,422,887 ("'887 patent"); and 5,706,428 ("'428 patent") (collectively "the patents-in-suit").

On April 22, 2013, the Magistrate Judge issued a Memorandum Opinion and Order on claim construction ("*Markman* Opinion")(Dkt. No. 512). MOSAID asks the Court to modify the Magistrate Judge's construction of the "plurality of signaling modes" terms found in the '786 patent; the "first receiving means" term found in the '920 patent, and "delaying transmission of a third data frame from the first station during a second time period" found in the '887 patent. MOSAID further objects to the Magistrate Judge's constructions of (1) "non-data signal" and "non-data signals being generally orthogonal to said data signals" found in the '920 patent; (2) "spike quality determining means. . .," "carrier detection means. . .," and "determining a spike quality value. . ." found in the '006 patent; and (3) "means for broadcasting. . .," means for deferring, during a predetermined time period," and "means for deferring broadcast of a third frame of information" found in the '887 patent.

Twenty-eight U.S.C. § 636(b)(1)(A) and Local Rule 72(b) state that the District Court shall set aside any portion of the Magistrate's Order that is "clearly erroneous or contrary to law." The Court has reviewed MOSAID's objections and Defendants' response to the objections. Contrary to MOSAID's arguments, the Court finds the Magistrate Judge correctly construed the terms. MOSAID has failed to clearly establish a manifest error of law or fact in the Magistrate Judge's construction of these terms. Accordingly, it is

**ORDERED** that MOSAID Technologies Incorporated's Objections to, and Motion to Reconsideration of, Magistrate Judge's Memorandum Opinion and Order (Dkt. No. 539) is

**DENIED**.

It is SO ORDERED.

SIGNED this 31st day of May, 2013.

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE