UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| MOSAID TECHNOLOGIES INCORPORATED,<br><br>        Plaintiff<br><br>v.<br><br>DELL, INC., et al.,<br><br>        Defendants. | CIVIL ACTION No. 2:11-cv-00179-MHS-CMC<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS' NOTICE OF
DISCLOSURE OF FIRST AMENDED INVALIDITY CONTENTIONS**

Defendants Dell, Inc., Informatics Holdings, Inc., Wasp Barcode Technologies, Ltd., Atheros Communications, Inc., Marvell Semiconductor, Inc., and Ralink Technology Corporation (collectively referred to as "Defendants") provide notice that pursuant to P.R. 3-6(a)(2) that they have served amended Invalidity Contentions.

**I.     INTRODUCTION**

Mosaid served its P.R. 3-1 infringement contentions for the Patents-in-Suit on November 23, 2011.[1]  Dkt No. 244, Mosaid's Motion For Leave To Serve Amended and Supplemental Infringement Contentions, at 2.  Mosaid's P.R. 3-1 infringement contentions were based solely on Mosaid's proposed claim constructions (which were ultimately rejected by the Court).  *Id*. at 3, 5 ("Mosaid based its infringement contentions on its own construction of the claim terms. Mosaid did not account for the Court's constructions or create alternative theories of infringement based upon hypothetical constructions for the claim terms in the Patents-in-Suit.")

---

[1] The Patents-in-Suit are: U.S. Patent Nos. 5,131,006 ("the '006 Patent"); 5,151,920 ("the '920 Patent"); 5,422,887 ("the '887 Patent"); 5,706,428 ("the '428 Patent"); 6,563,786 ("the '786 Patent"); and 6,992,972 ("the '972 Patent").

NOTICE OF DISCLOSURE OF FIRST AMENDED INVALIDITY CONTENTIONS – Page 1

On June 14, 2012, Defendants served their P.R. 3-3 Invalidity Contentions for the Patents-in-Suit (a) identifying each currently known item of prior art that either anticipates or renders obvious each asserted claim; (b) specifying whether each such item of prior art (or a combination of several of the same) anticipates each asserted claim or renders it obvious; (c) submitting charts identifying where each element in each asserted claim is disclosed, described, or taught in the prior art, including for each element that is governed by 35 U.S.C. § 112 ¶ 6, the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function; and (d) identifying the grounds for invalidating asserted claims based on indefiniteness under 35 U.S.C. § 112 ¶ 2 or enablement or written description under 35 U.S.C. § 112 ¶ 1.  *See* Dkt. No. 355; Ex. 1, Defendants' Invalidity Contentions.  Defendants specifically offered their P.R. 3-3 Invalidity Contentions in response to the constructions used by Mosaid in its infringement contentions *See* Defendants' Invalidity Contentions at 24-25 ("Defendants offer these contentions in response to Plaintiff's Infringement Contentions.")

On April 22, 2013, the Court issued a Claim Construction Order for twenty-two claim terms in the Patents-in-Suit. Dkt. No. 512 ("Markman Order"). The Court adopted the parties' agreed construction for six claim terms. With respect to the sixteen disputed claim terms, the Court either a) issued its own construction; b) rejected Mosaid's proposed constructions; or c) adopted Mosaid's construction (i.e., for the '428 patent). *Id.*  Defendants' Invalidity Contentions were based on Mosaid's broad constructions and/or infringement theories.  For the most part, Mosaid's constructions and therefore its infringement theories were rejected by this Court. Defendants' invalidity theories were consequently affected and require amendment.

## II.   ARGUMENT

A party may amend its invalidity contentions without leave of court if it "believes in good faith that the Court's Claim Construction Ruling so requires." P.R. 3-6(a)(2)(B).

Defendants believe in good faith that it must amend its invalidity contentions to properly align its theories with the Court's construction of the disputed claim terms in the Patents-In-Suit. Although leave of court is not required to amend under P.R. 3-6(a)(2)(B), Defendants, in an abundance of caution, set forth their good faith basis to amend as follows:

*The '006, '887 and '920 patents – Amendments pursuant to 35 U.S.C. § 112 ¶ 6.*

*The '006 patent.*

The Court construed four disputed claim terms, three of which were means-plus-function limitations under 35 U.S.C. § 112 ¶ 6. The Court's construction of the means-plus-function limitations either adopted narrower constructions than those used by Mosaid in its infringement contentions or specified structures that were not proposed by either party. With respect to the fourth disputed claim term, "determining a spike quality value based on said peak value and said total value," the Court issued a construction that differed from both Mosaid and Defendants. Markman Order at 34.

*The '920 patent.*

The Court construed four disputed claim terms, three of which were means-plus-function limitations under 35 U.S.C. § 112 ¶ 6. The Court's construction of the means-plus-function limitations either adopted narrower constructions than those used by Mosaid in its infringement contentions (and submitted by Mosaid as its proposed constructions) or specified structures that were not proposed by either party. Markman Order at 25, 28. The fourth disputed claim term, "non-data," was subsumed within two of the means-plus-function limitations. The Court construed that fourth disputed term differently from the parties proposed constructions, Markman Order at 22, compounding the effects that the Court's construction has on the corresponding claim elements in the '920 patent.

*The '887 patent*.

The Court construed four disputed claim terms, three of which were means-plus-function limitations under 35 U.S.C. § 112 ¶ 6. The Court adopted narrower constructions of the structures required for these disputed terms that those used by Mosaid in its infringement contentions. Markman Order at 38, 40, 42. With respect to the fourth disputed claim term, "delaying transmission of a third data frame from the first station during a second time period," the Court adopted a modified version of Defendants' proposed construction. Markman Order at 43.

For all three patents, as explained above, the Court adopted constructions of means-plus-function limitations which required additional structure not originally contemplated in Mosaid's infringement contentions or its proposed constructions incorporated therein, and thus not contemplated in Defendants' invalidity contentions. Defendants have accordingly amended their invalidity contentions with additional citations from the originally presented references.

Furthermore, pursuant to P.R. 3-6(a)(2)(A), since Mosaid has amended its infringement contentions pursuant to P.R. 3-6(a)(1) for the '006, '920 and '887 patents, Defendants may similarly amend their invalidity contentions.

*The '786 and '972 patents*.

The Court construed three disputed claim terms and adopted constructions that were not proposed by either party. Markman Order at 18. Defendants believe it is necessary to amend the invalidity contentions in light of the Court's construction. Specifically, in opposition to Mosaid's position in its original infringement contentions, which Defendants relied upon in their invalidity contentions, the Court's construction requires a plurality of symbol rates (i.e., multiple signaling modes). In response to the Court's construction, Defendants have added a single

additional reference to address the modified scope of the claim construction.

*The '428 patent.*

The Court construed the disputed claim terms and adopted Mosaid's proposed constructions but, at footnote 2, noted Defendants' argument that the "specification never describes a solution in which the length segment is expressed in time and only describes the length segment as being expressed as an amount of data." Markman Order at 27, note 2. The Court further stated that this issue appears "to be one of invalidity rather than one of claim construction." *Id*. The Court thus recognized that the specification was inconsistent with Defendants construction for the disputed terms of the '428 patent. Accordingly, because the Court's construction was in conflict with Defendants reading and application of the claims, under P.R. 3-6(a)(2)(B), amendment of Defendants' invalidity contentions is required.

                    Respectfully submitted,

                    /s/ *Jennifer H. Doan*
                    Jennifer H. Doan
                    Texas Bar No. 08809050
                    Joshua R. Thane
                    Texas Bar No. 24060713
                    HALTOM & DOAN
                    6500 Summerhill Road, Suite 100
                    Texarkana, TX  75503
                    Telephone:  (903) 255-1000
                    Facsimile:  (903) 255-0800
                    Email:  jdoan@haltomdoan.com
                    Email:  jthane@haltomdoan.com

J. Thad Heartfield
Texas Bar No. 09346800
M. Dru Montgomery
Texas Bar No. 24010800
THE HEARTFIELD LAW FIRM
2195 Dowlen Road
Beaumont, Texas 77706
Telephone: (409) 866-3318
Fax: (409) 866-5789
Email: thad@jth-law.com
Email: dru@jth-law.com

Fay E. Morisseau
Texas Bar No. 14460750
100 E. Ferguson, Suite 808
Tyler, Texas 75702
Telephone: (903) 504-5621
Email: fmorisseau@gmail.com

David H. Dolkas (pro hac vice)
S. Michael Song
McDERMOTT WILL & EMERY LLP
275 Middlefield Road, Suite100
Menlo Park, CA 94025
Telephone: (650) 815-7400
Facsimile: (650) 815-7401
Email: ddolkas@mwe.com

Matthew J. Gryzlo (pro hac vice)
McDERMOTT WILL & EMERY LLP
227 West Monroe Street
Chicago, IL 60606-5096
Telephone: (312)984-6874
Facsimile: (312)984-7700
Email: mgryzlo@mwe.com

**ATTORNEYS FOR DEFENDANT QUALCOMM/ATHEROS COMMUNICATIONS, INC.**

*/s/ Andrew Bramhall*
Kevin P.B. Johnson
Frank Washko
Andrew J. Bramhall
QUINN EMANUEL URQUHART & SULLIVAN, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood City, CA 94065
(650) 801-5000 main
(650) 801-5100 fax
kevinjohnson@quinnemanuel.com
QE-MOSAID@quinnemanuel.com

Andy Tindel
PROVOST UMPHREY LAW FIRM LLP
112 East Line Street, Suite 304
Tyler, TX 75702
(903) 596-0900 main
(903) 596-0909 fax
atindel@andytindel.com

Eric Huang
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000 main
(212) 849-7100 fax
erichuang@quinnemanuel.com
QE-MOSAID@quinnemanuel.com

Melissa Baily
QUINN EMANUEL URQUHART & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600 main
(415) 875-6700 fax
melissabaily@quinnemanuel.com
QE-MOSAID@quinnemanuel.com

James Lin
FREITAS TSENG BAIK & KAUFMAN LLP
100 Marine Parkway, Suite 200
Redwood Shores, CA 94065
Direct: (650) 730-5508
(650) 593-6300 main
(650) 593-6301 fax
jlin@ftbklaw.com

**ATTORNEY FOR MARVELL SEMICONDUCTOR, AND RALINK TECHNOLOGY CORPORATION**


*/s/ Bryan Banks*
Shaun W. Hassett
Michael J. Newton
Stacey Garrett White
Dwayne C. Norton
ALSTON & BIRD LLP
2200 Ross Avenue, Suite 3601
Dallas, TX 75201
(214) 922-3404 (main)
(214) 922-3864 (fax)
shaun.hassett@alston.com
mike.newton@alston.com
stacey.white@alston.com
dwayne.norton@alston.com
Dell-MOSAID@alston.com

Ryan J. McBrayer
Bar No. 28338
PERKINS COIE LLP
1201 Third Avenue, Ste. 4800
Seattle, WA 98101-3099
(206) 359-8000 (tel)
(206) 359-9000 (fax)
rmcbrayer@perkinscoie.com

    Bryan S. Banks
Bar No. 023085
PERKINS COIE LLP
2901 N. Central Ave., Ste. 2000
Phoenix, AR 85012
(602) 351-8096 (tel)
(602) 648-7043 (fax)
bbanks@perkinscoie.com

Deron R. Dacus
THE DACUS FIRM, P.C.
821 ESE Loop 323, Suite 430
Tyler, TX 75701
(903) 705-1117 (phone & fax)
ddacus@dacusfirm.com

**ATTORNEYS FOR DELL, INC.**

/s/ *Paul Lein*
Bryan Haynes
SCHEEF & STONE. LLP
500 N. Akard, Suite 2700
Dallas, TX 75201
(214) 706-4234 main
(214) 706-4242 fax
bryan.haynes@solidcounsel.com

**ATTORNEY FOR INFORMATICS HOLDINGS, INC., AND WASP BARCODE TECHNOLOGIES, LTD. ATTORNEY FOR RALINK TECHNOLOGY CORPORATION**

## CERTIFICATE OF SERVICE

    The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). All other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on this the 17[h] day of June, 2013.

    /s/ *Jennifer H. Doan*
Jennifer H. Doan